MARY J. McMAKIN, Respondent, v. THOMAS H. McMAKIN, Appellant.

Kansas City Court of Appeals, December 14, 1896.

1. **Divorce:** ALIMONY: STRIKING OUT ANSWER. The fact that a judgment in a divorce proceeding for alimony *pendente lite* is not discharged according to the order of the court, does not authorize the striking out of the defendant's answer and a refusal to admit pertinent evidence offered by him.

2. ———: JUDGMENT: IMPRISONMENT. A judgment for alimony is simply a judgment for the payment of money and no process against the body of the debtor can issue for its nonpayment.

3. ———: ———: CONTEMPT: CHANCERY RULES. Chancery rules depriving a party of his right of defense where he has put himself in contempt by the nonperformance of some specific act required of him by the court, are not applicable in divorce proceedings.

4. ———: INTEREST OF THE PUBLIC: TRIANGULAR ACTIONS. Divorce proceedings are triangular actions in which the public and persons not in court are interested and the court is entitled to hear the whole case that the rights of persons not parties may be protected.

*Appeal from the Maries Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

*Thomas M. Jones* and *James B. Harrison* for appellant.

(1) The court erred in striking out appellant's answer. R. S. 1889, sec. 4505; *State ex rel. v. Court*

*of Appeals*, 99 Mo. 216; *State ex rel. v. Sedden*, 93 Mo. 520. (2) The court erred in refusing to allow appellant to introduce testimony to show his inability to pay the judgments for alimony *pendente lite* and attorneys' fees and also to show that he was not the owner of any real estate; that he had parted with title to all his real estate long prior to the separation of himself and respondent and long prior to the institution of this suit. The court erred in striking out appellant's answer on the ground that he had not paid the judgments for alimony *pendente lite* and attorney's fees. R. S. 1889, sec. 4505; *Coughlin v. Ehlert*, 39 Mo. 285; *State ex rel. v. Sedden*, 93 Mo. 520; *State ex rel. v. Court of Appeals*, 99 Mo. 216; *Garesch e v. McDonald*, 103 Mo. 1. "Failing to pay temporary alimony is not contempt of court." *Allen v. Allen*, 72 Iowa, 502; *Pell v. Pell*, 50 Iowa, 520. (3) The judgment and decree of the court is against the law and is not supported by the testimony introduced by respondent. *Kaster v. Kaster*, 43 Mo. App. 115; *Messenger v. Messenger*, 56 Mo. 329; *McElroy v. Maxwell*, 101 Mo. 294; 5 Am. and Eng. Encyclopedia of Law, p. 827, ch. 10, 1 and 2, and notes thereto.

*A. S. Lyman* and *Dan'l W. Brown* for appellant.

(1) The court erred in striking out defendant's answer. *Gordon v. Gordon*, 141 Ill. 160; *Pell v. Pell*, 50 Iowa, 521; *Bailey v. Bailey*, 69 Iowa, 77; *In re Johnson*, 63 Cal. 578; R. S. 1889, sec. 4505; *Coughlin v. Ehlert*, 39 Mo. 285; *Waters v. Waters*, 49 Mo. 385; R. S. Mo. 1889, sec. 3262.

*Lathrop, Morrow, Fox & Moore* for respondent.

(1) The failure by the husband, in a suit for divorce, to pay alimony, *pendente lite,* in accordance

with the orders of the court, constitutes contempt. *Ex parte Perkins*, 18 Cal. 60; *Pain v. Pain*, 80 N. C. 322; *Ballard v. Capperton*, 2 Metc. (Ky.) 412; *Strowbridge v. Strowbridge*, 21 Hun, 288; *Blake v. People*, 80 Ill. 11; *McClung v. McClung*, 6 Stew. (N. J.) 462; *Haines v. Haines*, 35 Mich. 138; *Lansing v. Lansing*, 41 How. Pr. 248. (2) The power to punish for contempt exists independent of the statute, and its exercise rests in the sound discretion of the court, and is not reviewable elsewhere. *Clark v. People*, 12 Am. Dec. (Ill.) 177; *Cooper's* case, 32 Vt. 253. (3) Plaintiff was entitled, as a matter of right, to have the answer stricken out. One in contempt will not be allowed to plead. *Johnson v. Pinney*, 1 Paige, Ch. 646; *Gant v. Gant*, 10 Humphreys, 464.

SMITH, P. J.—This is an action for divorce. *Pendente lite*, the circuit court gave judgment for plaintiff for a certain sum for alimony and ordered execution to go therefor, if not paid by a date therein stated. The defendant having failed to discharge the judgment so rendered against him, the court on motion of the plaintiff struck out the answer and cross bill, and at the trial refused to permit defendant to introduce any evidence in his behalf. There was a decree for the plaintiff from which the defendant has appealed.

*DIVORCE: alimony: striking out answer.*

The only question which we are obliged to decide is whether the circuit court erred in striking out the defendant's answer and cross bill and precluding him from introducing any evidence in his defense.

The statute relating to divorce and alimony provides that where a party neglects or refuses to pay alimony, as adjudged, the court shall have power to award an execution for the collection thereof, or to enforce the performance of the judgment, or order, by

sequestration of property, or by such other lawful ways and means as is according to the practice of the court. R. S., sec. 4505. It does not appear that an execution or process of sequestration was issued. The defendant was treated as being in contempt for his neglect to discharge the previous judgment against him for alimony. A writ of sequestration is a process for contempt, but a sequestration merely to compel the payment of money can not issue, as imprisonment for debt is now abolished. *Roberts v. Stone*, 18 Mo. 481. The defendant was under no other contempt than that of refusing to pay money which he had been adjudged to pay for alimony. As process against the body for nonpayment of a debt can not now issue, then there is no way of putting a party in contempt for disobeying the judgment, or decree, for the mere payment of money. A judgment or decree for alimony is simply a judgment, or decree, for payment of money. Imprisonment for the nonpayment of such a judgment or decree, is imprisonment for debt, and imprisonment for debt as just stated has been abolished in this state. *Coughlin v. Ehlhert*, 39 Mo. 285.

JUDGMENT: imprisonment.

A party may be put in contempt for disobeying a judgment or decree for the performance of acts which are within his power and which the court may properly adjudge and decree to be done. But the judgment or decree must be for the performance of some specific act other than for the mere payment of money. This being so, had the court the power to go even so far as to prevent the defendant from interposing a defense to the merits of the plaintiff's petition, while he was in default in discharging the alimony judgment? *Walker v. Walker*, 82 N. Y. 260, with the cases cited by the plaintiff, support the affirmative of the proposition embraced in the query just propounded. The ruling declared in

*Walker v. Walker, supra,* and the other cases which are in line with it, have not been looked upon with favor, nor followed in some of the other states. *Gordon v. Gordon,* 141 Ill. 160; *Pell v. Pell,* 50 Iowa, 521; *Bailey v. Bailey;* 69 *Id.* 77; *In re Johnson,* 63 Cal. 578; *Haldine v. Eckford,* L. R. 7 Eq. 425.

These last cited cases hold that although defendant may be contumacious, the court can not deprive him of his right of defense. In *Gordon v. Gordon, supra,* it is said that: "If the court had the power to strike out the answer, it necessarily had the power to refuse to hear any evidence the defendant might offer in answer to the bill, or in support of the matter set up in the answer. A rule of this character once established in divorce cases, would not, in our judgment, have a beneficial effect upon the rights of parties, and in many cases, the tendency of the rule would be to bring the law into disrepute. Under our practice, divorces are granted and marriage contracts set aside quite as readily as could be desired, if proper regard is given to the well-being of society; but should the defendant be denied the right of all defense for nonpayment of alimony, in many cases, doubtless, divorces would be granted and marriage contracts set aside upon false and insufficient evidence, for the reason the defendant was denied the right to expose a false and fictitious case."

This reasoning we think unanswerable. To deny the defendant a right of defense solely upon the ground that he had failed to discharge the judgment against him for alimony, would be a harsh rule indeed, and one which, in many cases, might work great injustice. It was said by Judge FOLGER, in *Walker v. Walker, supra:* "That we are brought to the conclusion that there has long been exerted by the court of chancery in England the power to refuse to hear the

——: ——: contempt: chancery rules.    defendant, when he was in contempt of the court by disobeying its orders, and that power was in the courts of chancery in this country." This is undoubtedly the general rule prevailing in courts of equity, or in those courts having an equity side in this country. *Manning v. Manning*, 1 Johns. Ch. 527; *Brinkly v. Brinkly*, 47 N. Y. 40; *Walker v. Walker*, 59 Hav. (N. Y.) 476, and cases there cited.

——: interest of the public: triangular actions.    But while this is so, we do not think it applicable in divorce cases, for the reasons given by the supreme court of Illinois, in *Gordon v. Gordon*, already stated. Besides this, an action for divorce is triangular—one in which the married parties are plaintiff and defendant, and the public occupies, without being mentioned in the pleadings, the position of third party. The interest of the latter blends with that of various third persons not before the court. Of such, for example, are the children born, or *en ventre sa mere*. Since they can not protect themselves, the public, represented by the court, is under duty to protect them. The justice of the plaintiff's complaint must be established, not merely between the parties to the record, but as between them and the public, including persons specially interested, yet not before the court. 2 Bish. on Mar. and Div., secs. 489, 495, 498; *Owen v. Owen*, 48 Mo. App. 208.

Unless the defendant is permitted to plead his defense, and offer proof thereof, how can the conscience of the court be satisfied of the justice of the plaintiff's complaint? The defendant's answer and evidence may call to the court's attention a state of facts that would show that to grant the plaintiff a divorce would be not only *contra bonos mores*, but a subversion of the rights of third parties not before the court. We think, for the foregoing reasons, it will best subserve the public

interest that the chancery rule referred to be held inapplicable in actions of this kind.

If the defendant has property which can be taken in execution in satisfaction of the judgment, the plaintiff has only to cause the writ to issue for that purpose, but whether he has or has not such property, we are not of the opinion that a failure on his part to discharge the judgment, authorizes the court to strike out his answer, and to refuse to allow him to introduce such pertinent testimony as he may offer in support thereof.

The judgment will be reversed and the cause remanded. All concur.