Thelma RICHMAN, Respondent,

v.

Murlen Arthur RICHMAN, Appellant.

No. 48084.

Supreme Court of Missouri,

Division No. 1.

Nov. 13, 1961.

Kelso Journey, Clinton, for appellant.

William J. Cason, Clinton, for respondent.

HOLMAN, Commissioner.

In this action the trial court granted plaintiff a final decree of divorce together with custody of two minor children and an allowance of $50 per month for their support. The decree was entered by default after defendant's pleadings had been stricken. Defendant's motion to vacate the judgment or, in the alternative, for a new trial was overruled and he has duly appealed. We have jurisdiction because the appeal involves the construction of the Constitutions of Missouri and of the United States. Section 3, Article V, Constitution of Missouri 1945, V.A.M.S.

A brief statement of facts will suffice. Within the time provided by statute defendant filed a motion to dismiss and a motion to make plaintiff's petition more definite and certain. Thereafter, on October 8, 1958, plaintiff's motion for child support, pendente lite, and attorney fees was sustained and she was allowed $25 per month for support of a child and $100 for attorney fees. Defendant paid only a small portion of these allowances. On September 14, 1959, the court sustained plaintiff's motion striking the motions defendant had filed in the cause because of his failure to pay the judgment for child support and attorney fees. On the next day defendant filed an answer. Thereafter, plaintiff filed a motion to strike defendant's answer for the reason that (1) defendant had failed to pay the allowances heretofore mentioned and (2) the answer was filed without leave. The court sustained the motion on October 7, 1959, and ordered the answer stricken. On the same day the court heard plaintiff's evidence and entered the default decree from which defendant has appealed.

The main contention of the defendant upon this appeal is that the action of the trial court in striking his pleadings because of his failure to pay the allowances for attorney fees and temporary child support was a denial of due process of law in violation of Section 10, Article I of the Missouri Constitution, and the Fourteenth Amend-

ment to the Constitution of the United States. For reasons that will hereinafter appear we are in full agreement with that contention.

While it is difficult to give a precise definition of the phrase "due process of law," it is generally agreed that "The essential elements of due process of law are notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before a tribunal having jurisdiction of the cause." 12 Am. Jur., Constitutional Law, § 573, pp. 267, 268. More specifically applicable to the question before us is the following: "Courts have no inherent power to punish contempt by denying a hearing to the contemner, and striking his pleadings or entering default judgment or dismissal against him, since one of the fundamental conceptions governing a court of justice is condemnation only after a hearing, and an order of this nature denying the contemner a right, as distinguished from a favor, is void for want of due process of law in violation of the Fourteenth Amendment to the Federal Constitution or a comparable provision of the applicable state constitution. * * * In Hovey v. Elliott (1897), 167 U.S. 409, 42 L.Ed. 215, 17 S.Ct. 841, it was held that a decree pro confesso entered after striking defendant's answer from the files as a punishment for his contempt in refusing to obey an order of the court to pay money into the court was void for want of due process of law. The court said: ' * * * The fundamental conception of a court of justice is condemnation only after hearing. To say that courts have inherent power to deny all right to defend an action and to render decrees without any hearing whatever is, in the very nature of things, to convert the court exercising such an authority into an instrument of wrong and oppression, and hence to strip it of that attribute of justice upon which the exercise of judicial power necessarily depends.'" Annotation 14 A.L.R.2d 580, 589, 590.

The precise situation here involved was before the Kansas City Court of Appeals in the case of McMakin v. McMakin, 68 Mo.App. 57. Therein it was held that the failure of the defendant to discharge a judgment for alimony pendente lite did not authorize the striking of his answer. The court relied upon the decisions from a number of other states and appeared to stress the interest of the public in divorce actions, saying that "unless the defendant is permitted to plead his defense, and offer proof thereof, how can the conscience of the court be satisfied of the justice of the plaintiff's complaint? The defendant's answer and evidence may call to the court's attention a state of facts that would show that to grant the plaintiff a divorce would be not only *contra bonos mores,* but a subversion of the rights of third parties not before the court. * * * If the defendant has property which can be taken in execution in satisfaction of the judgment, the plaintiff has only to cause the writ to issue for that purpose, but whether he has or has not such property, we are not of the opinion that a failure on his part to discharge the judgment, authorizes the court to strike out his answer * * *." 68 Mo.App. 62, 63. While we are in full accord with the opinion in the McMakin case we think an additional and more fundamental reason for the result therein was that the striking of defendant's answer constituted a denial of "due process" as guaranteed by the state and federal constitutions.

The result in the McMakin case is in accord with the great weight of authority. "A majority of the authorities hold that, as a rule, a court has no power, when the defendant in a divorce action is in contempt in disobeying an order to pay alimony, to strike out his answer, or otherwise prevent him from interposing a defense on the merits; for such a course not only deprives the defendant of his day in court, but it ignores the public interest in the preservation of the marriage relation." Annotation 62 A.L.R. 660, 667. The cases supporting the quoted rule are cited and discussed in said annotation and need not be cited here.

In harmony with the foregoing authorities it is our view that the defendant, who was summoned into court to answer the petition of plaintiff, could not legally be deprived of the right to defend the action. To do so is contrary to our fundamental concept of justice. The striking of his answer resulted in an omission from the proceedings of an essential element of due process of law, i. e., "an opportunity to be heard and to defend." 12 Am.Jur. p. 267, supra. We accordingly rule that the trial court erred in striking the various pleadings filed by defendant.

In support of the action of the trial court plaintiff has cited State ex rel. Dawson v. Rombauer, 99 Mo. 216, 12 S.W. 661, and State ex rel. Couplin v. Hostetter, 344 Mo. 770, 129 S.W.2d 1. These cases hold that the court may require the payment of an alimony award as a condition to the granting of affirmative relief in favor of the husband. That has long been the established rule in this state. In Waters v. Waters, 49 Mo. 385, 388, this court stated that "the allowance may be enforced by attachment or execution; or, when the husband is plaintiff, the court may make its payment a condition to the further prosecution of the suit." However, the situation where payment is made a condition to the granting of affirmative relief and one where it is made a prerequisite to the right to defend are quite clearly distinguishable. The early cases refer to the former as the withholding of a favor while the latter involves a fundamental constitutional right. We therefore conclude that the cases cited do not support the action of the court in this case.

There is also no merit in plaintiff's suggestion that the court was justified in striking defendant's answer because it was filed without leave of court. The transcript discloses that in the discussion following the order striking defendant's motions his counsel asked leave to plead to the petition . and such was denied. An additional reason for disallowing this contention is that the striking of defendant's motions was equivalent to a denial thereof and hence defendant had a right to file an answer without leave of court within ten days thereafter under the provisions of Section 509.260(3) RSMo 1959, V.A.M.S.

The judgment is reversed and cause remanded for a new trial.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.