Leslie **NORKUNAS**, Plaintiff-Respondent,

v.

Stanley **NORKUNAS**, Defendant-Appellant.

No. 34125.

Missouri Court of Appeals,
St. Louis District.

April 25, 1972.

Rosecan & Popkin, St. Louis, Edward J. Lawson, Clayton, for plaintiff-respondent.

Claude Hanks by Robert L. Officer, Clayton, George V. Lawler, New Britain, Conn., for defendant-appellant.

CLEMENS, Judge (Commissioner when cause submitted).

Divorce. The trial court granted plaintiff-wife a divorce, custody of the parties' son, $175 monthly for child support, $25,000 lump-sum alimony and $4,500 attorney's fee. Defendant appeals. The crucial issue is the trial court's right to quash defendant's deposition subpoenas because he was delinquent in paying pendente lite allowances.

The pleadings raised an issue of whether plaintiff had been unfaithful and associated with other men. As trial time neared defendant-husband obtained subpoenas to depose the plaintiff-wife and seven other witnesses. At that time defendant was grossly in arrears in paying the pendente lite allowances. On that ground plaintiff

moved to dismiss defendant's crossbill and to quash defendant's subpoenas. The trial court did so.

Defendant does not question the trial court's right to dismiss his crossbill for non-compliance with the court's order to pay the temporary allowances. Such failure can bar a defendant from affirmative relief. Civil Rule 67.02, V.A.M.R.; Richman v. Richman, Mo., 350 S.W.2d 733, l. c. 735. But defendant strenuously challenges the trial court's right to defuse his *defense* of plaintiff's suit by denying him the right to prepare for trial by taking depositions.

Before reaching that issue we digress to determine the scope of our review. Defendant presents the issue by this Point Relied On: "When the trial court sustained the plaintiff's motion to quash the defendant's subpoenas for taking the depositions of the plaintiff and seven other material witnesses, the defendant was denied his right to 'due process' as guaranteed by the State and Federal Constitutions."

Plaintiff contends this presents a constitutional question, giving the supreme court jurisdiction, but contending the point is not reviewable at all since it was not raised initially in the trial court. Plaintiff errs on both counts. It is obvious that the point does not require "construction of the Constitution of the United States or of this state." Instead, defendant's point at best merely raises the question of the application of the "due process" clauses of the Federal and State Constitutions to the factual situation here involved. St. Louis County Transit Co. v. Division of Employment Sec. of Dept. of Labor and Indus. Relations, Mo., 456 S.W.2d 334 [9–11]; Nelson v. Watkinson, Mo., 260 S.W.2d 1 [1–3]; McClard v. Morrison, Mo.App., 281 S.W.2d 592 [4–5].

There is more logic to plaintiff's contention the defendant's due process point is not reviewable since it was not raised in the trial court. In interpreting a point

relied on, however, we may look to the argument section of an appellant's brief. Reifsteck v. Miller, Mo., 369 S.W.2d 229 [8]. Basically, defendant is not relying on the constitutional right to due process. Instead, he is relying on a claim of error—the quashing of his subpoenas. The effect of that may or may not be a denial of due process. But we may look beyond the asserted constitutional issue to the underlying claim of error. Harms v. Simkin, Mo. App., 322 S.W.2d 930 [8]; Bartholomew v. Board of Zoning Adjustment, Mo.App., 307 S.W.2d 730 [1]. As was done in Conser v. Atchison, T. & S. F. Ry. Co., Mo., 266 S.W.2d 587 [1], ". . . we will rule this case on the merits since we are able to determine from the whole brief the allegations of error and the points made under them, which present important questions . . ."

■ To the merits. It has long been the Missouri law that a divorce litigant's failure to pay allowances is an adequate ground to deny him affirmative relief. Waters v. Waters, 49 Mo. 385, 1. c. 388. But it is also the long-established law that such failure cannot deprive a divorce litigant of his right to defend. In McMakin v. McMakin, 68 Mo.App. 57 [1], the defendant's answer was stricken for his failure to pay allowances previously awarded plaintiff-wife. In reversing plaintiff's decree the court condemned the striking of defendant's answer as he would thus be "denied the right to expose a false and fictitious case." The *McMakin* opinion was approved in Richman v. Richman, Mo., 350 S.W.2d 733 [1], where the court adopted the annotation in 62 A.L.R. 663, 677: "A majority of the authorities hold that, as a rule, a court has no power, when the defendant in a divorce action is in contempt in disobeying an order to pay alimony, to strike out his answer, *or otherwise prevent him from interposing a defense on the merits*; for such a course not only deprives the defendant of his day in court, but it ignores the public interest in the preservation of the marriage relation."

(Our emphasis). That annotation, "Nonpayment of alimony or suit money as a ground for denying right to participate in trial or other proceeding in suit for divorce" shows that to be the majority view. Included among the supporting cases is Johnson v. Superior Court, 63 Cal. 578, an action for mandamus. There the respondent trial court had refused to issue a commission to take an out-of-state deposition on the ground petitioner-husband had failed to pay pendente lite allowances. In ordering the trial court to issue the deposition commission the court said: "And we are not advised that the petitioner, who has denied all the material allegations of the complaint filed against him, may not, if an opportunity is afforded him, fully establish his defense by competent proof. To deprive him of that opportunity in a divorce case, in which he is defendant, would in our opinion, be to contravene the plain policy of the law." That is true here.

■ In plaintiff's petition she charged defendant had falsely accused her of being unfaithful and associating with other men. By his general denial plaintiff was entitled to prove his accusations were true. This he could do by presenting witnesses to the truth of his accusations. Such witnesses might well be hostile and before calling them defendant's counsel could determine that by deposing those witnesses. We conclude that quashing defendant's subpoenas, although it did not deprive him of all defenses, did substantially limit the range of his defense.

■ Civil Rule 57.01(a), V.A.M.R., says "Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes." Civil Rule 57.19, V.A.M.R., provides for compelling attendance of witnesses by subpoenas. The right of a party-litigant to depose witnesses has been declared an absolute right. State ex rel. Chandler v. Scott, Mo.App., 427 S.W.2d 759

[5]; State ex rel. Houser v. Goodman, Mo. App., 406 S.W.2d 121 [7]. By quashing defendant's subpoenas the trial court denied him that right. We hold this was error materially affecting the merits of the action. We reverse the decree and remand the cause for a new trial.

The defendant also challenges the granting of alimony and attorney's fees and the sufficiency of plaintiff's evidence. Since the case must be retried we find it unnecessary to rule those issues in this opinion.

PER CURIAM:

The foregoing opinion by CLEMENS, J., a commissioner when the case was submitted to the court, is adopted as the opinion of this court. Accordingly, the cause is remanded for a new trial.

BRADY, C. J., and DOWD, SMITH, SIMEONE and WEIER, JJ., concur.