**Ruth Ann Beninate (O'NEAL),
Appellant,**

v.

**George R. BENINATE, Respondent.**

No. 41188.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 24, 1980.

---

1. The schedules are not included in the legal file or transcript filed in this court.

Michael J. McAvoy, Wallach & McAvoy, Fenton, for appellant.

John Turcotte, Jr., St. Louis, for respondent.

REINHARD, Judge.

Wife appeals from an order of the circuit court modifying that portion of the original dissolution decree which pertained to the amount of child support payments. We affirm.

The wife petitioned for dissolution of the marriage on July 28, 1976. Husband filed an entry of appearance but made no further appearance. At the dissolution hearing, the wife testified that her husband was then earning $25,000 to $30,000 per year. The court on April 15, 1977 granted a default judgment, and, as part of the terms of the dissolution decree, required husband to pay $45 a week per child for their support. The court based this order on the wife's evidence of the husband's earnings.

A year later the husband filed a motion to modify the terms of the decree. At the modification hearing, he testified that he was then earning between $200 and $250 per week and that his gross income had not changed since the time of the dissolution hearing.

Section 452.370 RSMo. 1978 allows modification of the terms of a decree for support, but requires a showing of changed circumstances "so substantial and continuing as to make the terms unreasonable." The wife claims that, since her husband testified that his income at the time of dissolution was the same as at the time of the modification hearing, there is no evidence of changed circumstances.

■ The trial court, however, based its determination on a comparison of the evidence presented at the dissolution hearing as to the husband's income at that time, with the evidence of husband's present income. In this way, the trial court found a change in circumstances. We believe that the wife cannot now take the position that his income at the time of dissolution was less than the amount she presented to the court at the dissolution hearing. See *Kansas City v. Martin*, 391 S.W.2d 608 (Mo.App. 1965).

The wife's second point is as follows: The trial court erred in forgiving child support and finding that appellee paid child support up to and including the first of November, 1978 when, in fact, the evidence indicated that any monies paid to the appellant by the appellee were in lieu of the return of furniture and that there was no payment of child support in accordance with the decree of April, 1977 and that there was no consideration for a finding of payment by appellee.

■ The issue of past child support payments is not ordinarily germane to the issues involved in a modification, and we believe a brief explanation of how it arose is in order. It has been held that when a party is in default of a prior order of alimony, he or she is not entitled to affirmative relief until the prior order has been complied with. The court may make compliance with the prior order a condition to the granting of affirmative relief. *See Richman v. Richman*, 350 S.W.2d 733, 735 (Mo. 1961). We believe the same rule would apply to child support.

■ In the transcript on appeal of this case, the issue is first raised by the wife's attorney at the modification hearing. He alleged the husband had refused to abide by the prior order of child support and was thus before the court with unclean hands. The court then received evidence on the issue of the past payments. The evidence was conflicting, and resolution of the issue hinged on which party was to be believed; the court obviously believed the husband. He testified that he and his wife had entered into an agreement to reduce the amount of the child support payments. As consideration, he had agreed to make a

single yearly lump sum payment in advance. The court found him to be current in his payments, and under the guidelines of *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976), we will not disturb this ruling.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.