**Eleanor S. HARRIS, Petitioner–Respondent,**

v.

**James A. RATTINI, Respondent–Appellant.**

**No. 61597.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 18, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 15, 1993.

Ramona L. Marten, Wittner, Poger & Rosenblum, P.C., Clayton, for appellant.

Richard J. Magee, Daniel J. McAuliffe & Associates, Clayton, for respondent.

SMITH, Judge.

The parties were the subjects of a dissolution decree in September 1988. Mother was awarded custody of the two minor children, Dianne and Anthony, and father was ordered to pay $500 per child per month in child support. In March 1990, father filed a motion to modify, which, after hearing, was denied by the court on the basis of *O'Neal v. Beninate*, 601 S.W.2d 657 (Mo.App.1980) [2, 3], because of father's persistent failure to comply with the original order. The court found father to have unclean hands. We affirm in part and reverse in part.

Father sought to modify the decree as to each of the children on the basis that both were emancipated. Such a request is not governed by the O'Neal case because it does not call on the court's discretion but invokes a question of law. It is not truly a modification of the decree but a legal determination of its continued legal effect. Emancipation of the child terminates the obligation of support whether or not the supporting parent is current with past support. It does not terminate the liability for past support which has not been paid.

Dianne was born February 1, 1970. The hearing was held November 25 and 26, 1991. Obviously, at the time of the hearing Dianne was 21 years old. Following high school Dianne enrolled in college, Southeast Missouri State University. After one year there she was unable to return because of financial constraints, and enrolled in Meramec College. She attended that college as a part-time student after her enrollment and through trial. Dianne had trouble with passing her courses and took a reduced load and earned less credit in each semester than what is considered by the college as required for a full-time student. During this time she was living with her mother who was paying her tuition and books. She was also working part-time.

The applicable statute is § 452.340.5 RSMo 1992 Supp. which provides:

If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs.

Nothing in the statute requires that the child attend the institution on a full-time basis. The supporting parent is protected from a protracted college education by the age limitation contained in the statute. Dianne is enrolled in an institution of vocational or higher education and contin-

ues to attend that institution. She meets the requirements of the statute and father's obligation to support still existed at the time of the hearing. *See Mayes v. Fisher,* 854 S.W.2d 430 (Mo.App.1993); *Copeland v. Copeland,* 850 S.W.2d 422 (Mo.App.1993). Father's reliance on *Echele v. Echele,* 782 S.W.2d 430 (Mo.App. 1989) [2] is misplaced. The reference in that case to full-time attendance was not a holding that such a requirement exists, but rather an example of how a decree could be properly drafted to impose a specific obligation on the supporting parent.

■ Anthony was born May 29, 1973. Prior to his 18th birthday he dropped out of school and has never returned. He asserted some vague intentions to return to some sort of educational environment to obtain a G.E.D. but at the time of the hearing had not done so and there was no evidence of any firm intentions or efforts to do so. Anthony works part-time for his cousin as a roofer. His uncle, who also has a roofing business, has offered to employ Anthony full-time. Anthony has not accepted that offer. There was evidence that Anthony is a very capable roofer. He has applied for only eight jobs since dropping out of high school and was hired for one. He quit that job, in a car wash, because he had to drive too far. There was evidence that Anthony has had trouble learning, particularly math, but no evidence, expert or otherwise, that he is "physically or mentally incapacitated from supporting himself". § 452.340.4. The trial court found that Anthony "does not appear capable of being self-supporting without further training." Such a finding is irrelevant. The legislature has provided for continued support while the child is receiving training. Anthony has not chosen to obtain further training. The record does not support a conclusion that he is physically or mentally incapacitated from supporting himself. It does support a conclusion that Anthony is disinclined to work to support himself. Disinclination to work is not an incapacity. The trial court erred in finding that Anthony was not emancipated and that father had a continuing obligation of support. *See Beeler v. Beeler,* 820 S.W.2d 657 (Mo.App.1991) [4].

■ Father also contends that the trial court erred in failing to grant him an abatement for the period of time (approximately one year) when Anthony was living with him. Again there is an appropriate statute which provides:

> The obligation of the noncustodial parent to make support payments shall abate, in whole or in part, for such periods of time in excess of thirty consecutive days that the custodial parent has voluntarily relinquished physical custody of the child to the noncustodial parent, notwithstanding any periods of visitation or temporary custody pursuant to a decree of dissolution or legal separation or any modification thereof.

§ 452.340.2 RSMo 1992 Supp.

■ Mother admitted that Anthony lived with his father for a year but denies that the record establishes her consent. In *Picou v. Picou,* 789 S.W.2d 522 (Mo.App. 1990) [2] the mother was deemed to have tacitly consented to a change in *de facto* custody by failing to object to the smaller amounts father paid her when he had custody of the child. Father here seldom if ever made voluntary payments, so mother was denied the opportunity to object. No evidence was adduced at the hearing that mother voluntarily relinquished physical custody of Anthony. An affidavit of father made a part of the motion for new trial does not cure the problem that no evidence of voluntary relinquishment was produced at trial. Father is the party seeking abatement and has the burden of proof on that issue. The trial court did not err in denying abatement.

■ Father also challenges the trial court's order that he pay a portion of mother's attorney's fees. The trial court has broad discretion in the award of attorney's fees. *In re Marriage of Gourley,* 811 S.W.2d 13 (Mo.App.1991) [13–15]. We find no abuse of that discretion.

Father's remaining points either are disposed of by what we have heretofore held or deal with his efforts to establish that a change in his child support obligation was warranted because of change in circum-

stances. The court's finding that *O'Neal v. Beninate, supra,* applied was supported by the evidence as to father's claim concerning change of circumstance. It is therefore unnecessary for us to address the remaining claims of error.

The ruling of the trial court that Anthony was not emancipated upon his 18th birthday is reversed. In all other respects the judgment is affirmed.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.