**Caryl Ann STAPLES,**
**Petitioner/Respondent,**

v.

**John Eugene STAPLES,**
**Respondent/Appellant.**

No. 65398.

Missouri Court of Appeals,
Eastern District,
Division One.

March 14, 1995.

Merle L. Silverstein, Sanford Boxerman, St. Louis, for respondent, appellant.

Barbara Kemery, St. Louis, for petitioner, respondent.

**CRAHAN, Judge.**

John Staples ("Husband") appeals the dismissal of his motion to modify maintenance. The trial court dismissed Husband's motion pursuant to Rule 67.02 for failing to comply with previous orders of the court awarding monthly maintenance payments to Wife.[1] We affirm.

The parties' marriage was dissolved by decree of dissolution entered in 1978. Pursuant to the terms of the decree, Husband was ordered to pay Wife $700 per month as maintenance and $400 per month child support for each of the two children born of the marriage. The decree was later modified in 1987 to reduce the amount of maintenance to $400 per month and increase child support for the one unemancipated child to $600 per month.

In 1990, Husband filed a new motion to modify alleging a substantial and continuing change in circumstances as to Wife's ability to provide for herself and requesting that Wife's periodic maintenance be terminated. The hearing on Husband's motion was held in November 1993. At the close of Husband's case, Wife filed a motion to dismiss Husband's motion to modify, citing Rule 67.02 and Husband's noncompliance with the court's order to pay Wife the maintenance specified in the prior order. Rule 67.02 provided in pertinent part, "For failure of the plaintiff to prosecute or to comply with these Rules or any order of the court, a defendant may move for dismissal of a civil action or of

any claims against him." The trial court sustained Wife's motion and this appeal followed.

■  Our review of an involuntary dismissal under Rule 67.02 is limited to an abuse of discretion standard. *Green v. Green,* 606 S.W.2d 395, 398–99 (Mo.App. 1980). Judicial discretion is abused when the order of the trial court is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said the court abused its discretion. *O.S.G. by L.G. v. G.B., Jr.,* 805 S.W.2d 704, 706 (Mo.App.1991).

Husband does not dispute the fact that he was in arrears on the maintenance he was ordered to pay Wife. However, Husband maintains dismissal under Rule 67.02 was improper because he was not in violation of any orders entered in the instant action, *i.e.,* the modification action. Husband argues that any arrearages he may have outstanding based on an earlier action cannot serve as a basis for dismissing his present suit for modification.

■  Nothing in the language of the rule limits its application to a party's noncompliance with court orders in the case then pending before the court. The rule specifically states that a defendant may move for dismissal based on the plaintiff's failure to comply with the rules "or *any* order of the court." (emphasis added). Nor have prior cases uniformly limited its application to orders of the court in the pending action. For example, failure to comply with pendente lite orders have been held to form a basis for dismissal or denial of affirmative relief pursuant to Rule 67.02. *See Norkunas v. Norkunas,* 480 S.W.2d 92, 93 (Mo.App.1972). This is so despite the fact that pendente lite proceedings are independent proceedings, separate and distinct from the dissolution

1. Rule 67.02 was repealed, effective January 1, 1994, and incorporated into new Rule 67.03.

The substance of the rule has not changed.

action. *Nilges v. Nilges*, 610 S.W.2d 58, 62 (Mo.App.1980).

Husband attempts to distinguish cases of dismissal for failure to comply with pendente lite orders on the ground that pendente lite motions are only authorized during the pendency of dissolution proceeding. Husband reasons that, in contrast, motions to modify are in order only after the dissolution action has been concluded, and thus represent truly independent proceedings. Husband hypothesizes that if Rule 67.02 can be applied to such an independent proceeding, it could literally be applied to bar a party in arrears on maintenance payments from maintaining an action for personal injuries against an unrelated third party.

We need not decide in this case whether such an application of the rule would constitute an abuse of discretion. Suffice it to say we find no abuse of discretion on the facts presented. The order with which Husband failed to comply is the very order he is seeking to modify. Although actions for dissolution and ancillary proceedings are statutory actions at law, they are nevertheless tried and disposed of upon equitable principles. *Brown v. Brown*, 537 S.W.2d 434, 438 (Mo.App.1976). Husband's evidence disclosed that he had gross income in excess of $200,000.00 in both 1990 and 1991 and had claimed charitable contributions well in excess of his $4,800.00 annual maintenance obligation each year, yet he made no maintenance payments during or after 1991 and only three in 1990. He had recently purchased a new car which required monthly payments of $454.00 per month. Thus, there was ample evidence that Husband's failure to comply with the decree was not the result of any inability to comply with the order. We perceive no inequity in requiring a party able to comply with a decree to demonstrate that he has abided by its terms pending action by the court on his request for modification. Parties should not be heard to simultaneously flout and invoke the authority of the court.

Nor do we find persuasive Husband's attempt to distinguish disobedience of orders pendente lite from disobedience of an order to pay maintenance set forth in a final decree or modification thereof.[2] A motion to modify is equally contingent upon an action for dissolution. A motion to modify presupposes an earlier decree. Further, denial of affirmative relief serves the same policy goals in both situations. It serves to reinforce judicial control over proceedings by preventing parties from invoking the aid of judicial resources when they have failed to abide by prior orders. It also serves as an incentive to comply with maintenance and child support obligations, which all too often are flagrantly disregarded. There is a statutory procedure for modifying orders a party believes are no longer equitable. Application of the rule to preclude affirmative relief to those who disregard their obligations under prior decrees will thus discourage "self help" in lieu of following the procedures established by the legislature.

For the foregoing reasons, we reject Husband's sole point on appeal and affirm the judgment of the trial court.

REINHARD, P.J., and CRANDALL, J., concur.

---

2. Long before the adoption of Rule 67.02, the inherent equitable power of the court, including the Court of Appeals, to condition an award modifying a prior decree on payment of arrear- ages in maintenance payments required by the original decree was recognized in *State ex rel. Dawson v. Rombauer*, 99 Mo. 216, 12 S.W. 661 (1889).