David Charles **MARKOVITZ**, Appellant,

v.

Renee Lynette **MARKOVITZ**, Respondent.

No. 70969.

Missouri Court of Appeals, Eastern District, Division Two.

May 13, 1997.

Leonard W. Buckley, St. Louis, for appellant.

Mary Ann Weems, Clayton, for respondent.

GERALD M. SMITH, Judge.

Petitioner, David Markovitz, filed a motion to modify a decree of dissolution as to child support and maintenance payments. Respondent, Renee Markovitz, moved to dismiss alleging that petitioner was in arrears in court-ordered maintenance, child support and attorney's fees. Without a hearing the court sustained respondent's motion to dismiss. Motions to reconsider and for rehearing were denied and this appeal followed. We reverse and remand.

In the findings and recommendation of the Commissioner in the dissolution proceeding a finding was made that petitioner's gross monthly earnings from his employment was $2601. Based upon that figure and the respondent's income of $831 per month from part-time work the child support obligation of petitioner was established at $310 per child per month. He was also ordered to pay $200 monthly in maintenance and $1000 for respondent's attorney's fees. The Commissioner's findings were affirmed by the trial court on February 7, 1995.

On February 27, 1996 petitioner filed his motion to modify the child support and maintenance awards. He alleged changed conditions including loss of his employment in St. Louis and new lower paying employment in Osage Beach. Respondent filed her motion to dismiss alleging that petitioner was in arrears for past due support of $3,316.95 without interest as of March 1, 1996, and that the attorney's fee award still had a balance of $722.17. The record before us contains nothing supporting those allegations. We may infer from petitioner's suggestions in opposition and his brief in this court that some arrearages exist. Attached to the suggestions in opposition was petitioner's affidavit reciting his involuntary termination from his St. Louis job and his new job in Osage Beach paying $500 per week. The Commissioner, without an evidentiary hearing, sustained the respondent's motion to dismiss, and denied petitioner's motion for reconsideration. Petitioner's motion for rehearing was denied by a judge of the family court. This appeal followed.

■ The scope of review for an involuntary dismissal is limited to the abuse of discretion standard. *Staples v. Staples,* 895 S.W.2d 265 (Mo.App.1995)[1–3]. An abuse of discretion occurs when the order of the court "is clearly against the logic of circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration". *Id.* If reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said the court abused its discretion. *Id.*

■ Section 452.370(1) RSMo 1994 provides that "the provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." The statute also requires the trial court to make a determination as to whether a substantial change in circumstances has occurred. The statute does not address the issue of applicability of the "clean hands" doctrine to motions to modify.

In *Richman v. Richman,* 350 S.W.2d 733 (Mo.1961) the court was confronted with the striking of the defendant husband's pleadings in a divorce case resulting in a default judgment against him. *Id.* at [1–7]. The pleadings were stricken because of his default in payments for child support and attorney's fees made in pendente lite orders. *Id.* The court held that precluding defendant from defending in the divorce action because of such payment defalcations denied defendant due process. *Id.* at [2]. It distinguished the situation before it from those situations where the payment defaulting party was seeking affirmative relief. *Id.* It stated that case law holds that the court may require the payment of an alimony award as a condition to the granting of affirmative relief in favor of the husband. *Id.*

In *O'Neal v. Beninate,* 601 S.W.2d 657 (Mo.App.1980)[2,3] we recognized *Richman* and held it applied to child support. In *Staples v. Staples, supra,* we held that husband's failure to comply with court ordered maintenance payment, where the evidence amply demonstrated his ability to comply with the order, authorized the court to dismiss his motion to modify under Rule 67.02.

*Staples* is distinguishable from the case before us. The dismissal in that case was ordered only after an evidentiary hearing which established the husband's ability to comply with the order. *Id.* at [1–7]. The court there held that parties should not be heard to simultaneously flout and invoke the authority of the court. *Id.* at [5,6]. Whether a party is flouting the authority of the court or is unable to comply with the order of the court is to be determined after hearing, not on the basis of unproven allegations of a motion to dismiss.

The record before us contains the affidavit of petitioner indicating a substantial decrease in his income. The record contains no evidence of when the alleged arrearages occurred and no evidence was before the court upon which the court could make a determination of the reason for any arrearages. It is not enough to grant a motion to dismiss a motion to modify on the basis that arrearages in maintenance, child support, or attorney's fees exist. There must be evidence that the party making the motion to modify had the ability to comply with the order. Such evidence was not before the court and its order granting the motion to dismiss was an abuse of discretion.

Judgment reversed and cause remanded.

CRANE, P.J., and PUDLOWSKI, J., concur.