**Barbara MATLOCK, f/k/a Barbara Fuhrmann, Respondent/Respondent,**

v.

**Thomas FUHRMANN, Movant/Appellant.**

**No. 71115.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 27, 1997.

---

W. Bevis Schock, St. Louis, for appellant.

Corrinne R. Coston, Mary Ann Weems, Clayton, for respondent.

GRIMM, Judge.

This is another in a series of recent cases where the trial court dismissed a motion to modify child support without conducting a hearing. We reverse and remand.

## I. Background

Husband and wife, married in 1976, had twins in 1983. The parties' marriage was dissolved in 1988. A separation agreement provided for joint custody of the children, with husband to pay $117 per month per child as support.

In May 1993, pursuant to wife's motion, the trial court modified the child support. It ordered husband to pay $500 per month per child, retroactive to May 1, 1992. Each party filed other motions in 1993 and 1994. In November 1994, the trial court gave wife sole custody of the children.

In April 1995, wife filed a motion for contempt, alleging husband was $7,444 in arrears and owed $358.43 in unpaid medical bills. In November 1995, the trial court found husband in contempt and ordered him committed to jail. Two days later, apparently his parents paid the amount due, thereby purging the contempt.

On January 25, 1996, husband filed the motion to modify which is the basis for this appeal. In that motion, among other things, he alleged (1) wife has demanded $8,276.95 in order to avoid another motion for contempt, (2) there has been a continuing and substantial change of circumstances so as to make the $500 per month per child unreasonable, (3) the change is that husband suffers "from debilitating mental illness, and is therefore unable to work," (4) the fact of his illness is documented by an attached letter from a psychiatrist, and (5) he lives with his parents, is unemployed, has massive debts, and has been hospitalized three times in the last three months for mental illness.

In response, on March 14, 1996, wife filed a motion to dismiss. Among other things, she alleged (1) husband has advanced degrees in Business Administration and Accounting and is capable of working and earning a substantial income, (2) he owed child support in excess of $8,000 at that time, (3) he has consistently failed to pay child support, and (4) he "comes into this Court with unclean hands as he has willfully and contumaciously violated this Court's Orders in the past and should be barred from seeking relief from this Court until he satisfies the obligation that he has failed and refused to honor." On July 22, 1996, the trial court granted wife's motion to dismiss and this appeal followed.

## II. Dismissal Without Hearing

■ On appeal, husband alleges the trial court erroneously applied "the doctrine of unclean hands" and erroneously applied the law in dismissing his motion to modify. Wife, on the other hand, contends that husband's history of failure to pay justifies the trial court's action.

In their briefs, the parties primarily refer to four cases, *Richman v. Richman*, 350 S.W.2d 733 (Mo. 1961), *O'Neal v. Beninate*, 601 S.W.2d 657 (Mo.App. E.D.1980), *Harris v. Rattini*, 855 S.W.2d 410 (Mo.App. E.D. 1993), and *Staples v. Staples*, 895 S.W.2d 265 (Mo.App. E.D.1995). We briefly examine each.

### 1. *Richman*

■ In *Richman*, the trial court ordered the husband to pay PDL child support and attorney's fees. He paid only a small portion of the allowances. The wife filed a motion to strike the husband's pleadings for his failure to make the ordered payments, which the trial court granted. The trial court then heard the wife's evidence and granted a default decree. *Richman*, 350 S.W.2d at 733.

On appeal, the husband contended that the striking of his pleadings was a denial of due process of law. *Id.* The supreme court agreed. *Id.* at 734. It held that a defendant "could not legally be deprived of the right to defend the action." *Id.* at 735. It therefore reversed and remanded for a new trial. *Id.*

The *Richman* holding, that a defendant "could not legally be deprived of the right to defend the action," is not applicable to the case before us. In the case before us, we are not concerned with defending an action, but rather prosecuting one.

Nevertheless, wife points to what may be considered dicta in *Richman*. The court briefly commented on three old cases the wife in *Richman* relied on in arguing the trial court's action was proper. The court said these cases "hold that the court may require the payment of an alimony award as a condition to the granting of affirmative relief in favor of the husband. That has long been the established rule in this state." *Id.*[1]

### 2. *O'Neal*

In *O'Neal*, the husband filed a motion to modify child support. At a hearing on the motion, the wife's attorney "alleged the husband had refused to abide by the prior order of child support and was thus before the court with unclean hands." *O'Neal*, 601 S.W.2d at 658. Apparently the trial court denied this contention, for it received evidence concerning past payments and ruled on the merits. *Id.*

■ *O'Neal* is distinguishable. In *O'Neal*, the defense of unclean hands was first raised at the close of husband's evidence. *Id.* Here, it was raised by prehearing motion. Most importantly, the defense of "unclean hands" requires evidence to establish it. *See City of Webster Groves v. Institutional & Pub. Em. Union*, 524 S.W.2d 162, 165 (Mo. App. E.D.1975). Here, the trial court ruled before any evidence was presented.

### 3. *Harris*

In *Harris*, the father filed a motion to modify child support on the basis the children were emancipated. After a hearing, the trial court denied the motion on the basis of *O'Neal* "because of father's persistent failure to comply with the original order." *Harris*, 855 S.W.2d at 411. The trial court found the father "to have unclean hands." *Id.*

This court affirmed in part and reversed in part. We held that *O'Neal* was not applicable to a question of emancipation. *Id.* Further, *Harris* differs from the case before us because in *Harris* the trial court made its determination of unclean hands after a hearing.

---

1. The oldest of the three cases is *Waters v. Waters*, 49 Mo. 385 (Mo.1872). Much has changed since 1872. At that time, all "the property belonging to them jointly is in his possession, even though she brought it to him by marriage; she can make no binding contract; those who trust her on her husband's credit do it at their peril." *Id.* at 387. It is in this context that the court said that "when the husband is plaintiff, the court may make [the PDL's] payment a condition to the further prosecution of the suit." *Id.* at 368.

#### 4. *Staples*

In *Staples,* the husband filed a motion to modify child support. A hearing was held. At the close of the husband's case, the wife filed a motion to dismiss, citing what is now Rule 67.03.[2] *Staples,* 895 S.W.2d at 266. In addition, she pointed out the husband's non-compliance with the trial court's previous order to pay the wife the maintenance specified in that order. *Id.* The trial court sustained the motion.

*Staples* acknowledges that review of an involuntary dismissal under Rule 67.03 is limited to an abuse of discretion standard. *Id.* In *Staples,* we found no abuse of discretion *"on the facts presented." Id.* at 267 (emphasis added). Those facts included that in the two pertinent years, the husband had a gross income in excess of $200,000, yet made *no* maintenance payments in one year and only three in the other year. "Thus, there was ample evidence that Husband's failure to comply with the decree was not the result of any inability to comply with the order." *Id.*

The differences between *Staples* and the case before us are striking. As in the previous cases, in *Staples,* the trial court conducted a hearing and evidence was presented. In *Staples,* the motion to dismiss was at the close of the husband's evidence; here, it was made as a pretrial motion. Most importantly, in *Staples,* the husband's evidence established that he had the ability to pay; here, the trial court's ruling precluded husband from presenting any evidence on that issue.

Recently, this court reversed and remanded in a situation similar to the one before us. *Markovitz v. Markovitz,* 945 S.W.2d 598 (Mo. App.E.D.1997). There we said,

> It is *not* enough to grant a motion to dismiss a motion to modify on the basis that arrearages in maintenance, child support, or attorney's fees exist. There must be evidence that the party making the motion to modify had the ability to comply with the order. Such evidence was not before the court and its order granting the

motion to dismiss was an abuse of discretion.

945 S.W.2d at 600.

In the case before us, the trial court did not have any evidence before it. Its order granting the motion to dismiss was erroneous and an abuse of discretion. The trial court's judgment is reversed and the cause remanded for a hearing on the motion to modify.

CRAHAN, P.J., and Hoff, J., concur.

---

**2.** In pertinent part, Rule 67.03 provides that a defendant may "move for an involuntary dismissal of the civil action for failure of the plaintiff to prosecute or comply with these Rules 41 through 101 or any order of the court."