Erica L. AUBUCHON, k/n/a Erica
L. Sanchegraw, Respondent,

v.

Chad AUBUCHON, Appellant.

No. ED 94683.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 19, 2011.

Daryl Lawrence Schaffer, Thomasson, Gilbert, Cook, Remley, & McGuire, Bridgeton, MO, for appellant.

John D. McAnnar, St. Louis, MO, Patrick W. Pedano & Craig Geidel Kallen, Co–Counsel, Kallen Law Firm, Town & Country, MO, for respondent.

*OPINION*

MARY K. HOFF, Judge.

Chad Aubuchon (Father) appeals from the trial court's Judgment dismissing his Motion to Modify Judgment of Dissolution and Order of Custody, Visitation and Support (Motion to Modify) in favor of Erica L. Aubuchon, k/n/a Erica L. Sanchegraw, (Mother). We reverse and remand.

*Factual and Procedural Background*

In May 2008, the trial court entered its judgment dissolving Mother and Father's marriage (Judgment of Dissolution). The trial court simultaneously entered its order of custody and support for Mother and Father's two minor children of the marriage (Order of Support). Mother was awarded physical custody of the children, and Father was awarded reasonable rights of visitation. Father was ordered to pay child support in the amount of $697 per month and retroactive child support in the amount of $1,800.

In September 2009, Father filed his Motion to Modify requesting a reduction in the amount of child support he was ordered to pay. Father alleged that there had been a substantial and continuing change in circumstances to warrant a modification, *inter alia* (1) the amount of child support previously awarded included imputed income of Father based on his prior earnings and in anticipation that he would have future available employment opportunities in his job field and comparable to his prior employment; (2) since prior to the date of the Judgment of Dissolution, Father had been unable to obtain employment in his trade as a carpenter due to the economic downturn in the housing market and construction trades, which was an event beyond his control, and no comparable employment opportunities were available; and (3) Father had been unable to pay the amount of child support as ordered

even though his inability to pay was neither willful nor contemptuous, and Father had been charged with two misdemeanor counts of criminal nonsupport, which were pending. Father filed his Form 14 reflecting his proposed adjustments to the child support amount calculation.

In November 2009, Father entered his plea of guilty to two misdemeanor counts of criminal nonsupport for his failure to pay child support from June 1, 2008, to February 28, 2009. The trial court suspended imposition of sentence, placed Father on two years' probation, and ordered Father to pay his monthly child support obligation plus $100 per month for the unpaid child support.

Subsequently, in December 2009, Mother filed her Motion to Dismiss Father's Motion to Modify (Motion to Dismiss). Mother alleged that, "[i]n total disregard of [the Order of Support], Father failed and refused to make payment of this court ordered child support amount to Mother," resulting in the two misdemeanor charges of criminal nonsupport and Father's plea of guilty to those charges. Mother further alleged that, under Supreme Court Rule 67.03 and *Staples v. Staples*, 895 S.W.2d 265 (Mo.App. E.D.1995), the trial court was required to dismiss Father's Motion to Modify "due to his continued failure to abide by the orders of this court and to make payment of his established monthly child support obligation."

In February 2010, the trial court held a hearing on Mother's Motion to Dismiss. At the hearing, the trial court precluded Father from introducing evidence in support of his Motion to Modify on the issue of his alleged inability to pay the ordered amount of child support. The parties stipulated that Father had pleaded guilty to misdemeanor criminal nonsupport and that he was in arrears on his child support

payments. Mother argued that Father's guilty plea showed that Father had the ability to pay the ordered child support amount. The trial court took the case under submission. Later, the trial court entered its Judgment in favor of Mother, finding that "[b]y pleading guilty to the charge, [Father] stipulated that he possessed the ability to pay, because he failed to pay 'without good cause.'" Relying on Rule 67.03 and *Staples,* the trial court dismissed Father's Motion to Modify "for knowingly failing to comply" with the trial court's previous Order of Support. This appeal followed.

### Standard of Review

We review the trial court's dismissal of a party's pleading for abuse of discretion. *Markovitz v. Markovitz,* 945 S.W.2d 598, 599 (Mo.App. E.D.1997). We will find an abuse of discretion has occurred when the court's order "is clearly against the logic of circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Markovitz,* 945 S.W.2d at 599; *quoting Staples,* 895 S.W.2d 265, 266.

### Discussion and Analysis

Father presents two points on appeal. Because the points are interrelated, we address them together.

In his first point on appeal, Father claims the trial court abused its discretion and committed reversible error in granting Mother's Motion to Dismiss because Father was not afforded a hearing on the merits of his Motion to Modify.

Mother, relying on Rule 67.03 and *Staples,* counter argues that the trial court properly dismissed Father's Motion to Modify because Mother presented evidence of Father's failure to comply with the trial court's previous Order of Support.

A defending party to another's pleading may move for an involuntary dismissal of the civil action for failure of the pleading party to comply with any order of the court. Rule 67.03.

In *Staples,* the husband filed a motion to modify spousal maintenance. *Id.* at 266. The trial court held an evidentiary hearing on the husband's motion to modify and allowed the husband to present evidence to support his motion, which alleged a substantial and continuing change in circumstances as to the wife's ability to support herself. *Id.* Some of the evidence disclosed that the husband had gross income of $200,000 and had claimed charitable contributions in excess of his annual spousal maintenance obligation for the years he made only some or none of the ordered maintenance payments. *Id.* at 267. At the end of the evidentiary hearing, the wife filed a motion to dismiss the husband's motion to modify on the ground that the husband had not complied with the trial court's previous spousal maintenance order. *Id.* at 266. On appeal, this Court affirmed the trial court's dismissal of the husband's motion to modify and found no abuse of discretion on the particular facts presented because ample evidence in the record established that the husband's failure to comply with the previous spousal maintenance order was not the result of any inability to comply. *Id.* at 267. Instead, this Court viewed the husband's failure to comply with the previous spousal maintenance order as an attempt to disregard his obligation and invoke "self help" rather than follow the established statutory procedure for modifying the previous order. *Id.*

*Staples* is distinguishable from the instant case. Here, unlike *Staples,* the trial court did not allow Father to present any evidence of his alleged inability to comply

with the trial court's previous Order of Support, and the hearing was only on Mother's Motion to Dismiss. We find *Matlock v. Fuhrmann,* 945 S.W.2d 686 (Mo.App. E.D.1997), is similar to this case.

In *Matlock,* the husband filed a motion to modify a previous order of child support. 945 S.W.2d at 687. In response, the wife filed a motion to dismiss the husband's motion to modify on the ground that the husband had the ability to pay the ordered amount of child support; that the husband was in arrears on his support obligation at the time he filed his motion to modify; and that the husband had willfully violated the court's previous orders to pay child support. *Id.* The trial court thereafter sustained the wife's motion to dismiss without conducting a hearing on the husband's motion to modify. *Id.* On appeal, this Court found *Staples* distinguishable because the husband in *Matlock* was precluded from presenting any evidence on the issue of his alleged inability to pay the ordered amount of child support. *Id.* at 689.

Here, like the husband in *Matlock,* Father was precluded from introducing evidence that he was unable to pay the amount of child support previously ordered by the trial court. Although Mother presented evidence that Father had been in arrears on his support obligation at the time he filed his Motion to Modify, "[it] is not enough to grant a motion to dismiss a motion to modify on the basis that arrearages in maintenance, child support, or attorney's fees exist." *Matlock,* 945 S.W.2d at 689, *quoting Markovitz,* 945 S.W.2d at 598. "There must be evidence that the party making the motion to modify had the ability to comply with the order." *Matlock,* 945 S.W.2d at 689, *quoting Markovitz,* 945 S.W.2d at 598. "Whether a party is flouting the authority of the court or is unable to comply with the order of the court is to be determined after hearing, not on the basis of unproven allegations of a motion to dismiss." *Markovitz,* 945 S.W.2d at 600. Consequently, the trial court abused its discretion in granting Mother's Motion to Dismiss without allowing Father to present evidence on the issue of his alleged inability to pay the ordered amount of child support. Point granted.

■ In his second point on appeal, Father claims the trial court abused its discretion when it found that Father's prior plea of guilty to two misdemeanor counts of criminal nonsupport in a separate proceeding, which resulted in a suspended imposition of sentence, collaterally estopped Father from arguing he had good cause not to pay and an inability to pay the ordered amount of child support.

Mother counter argues that Father's guilty plea constituted evidence of Father's ability to pay.

A parent commits the crime of nonsupport if he or she knowingly fails to provide, without good cause, adequate support that he or she is legally obligated to provide for his or her child or stepchild who is not otherwise emancipated by operation of law. Section 568.040.1 [1] "Good cause" is defined as any substantial reason why the defendant is unable to provide adequate support, but "good cause" does not exits if the defendant purposely maintains his inability to support. Section 568.040.2(2). The defendant carries the burden of injecting "good cause" into a criminal nonsupport case. Section 568.040.3.

Here, Father's Motion to Modify alleged that he had "good cause" for not paying the ordered amount of child support in that he was unable to pay the ordered

1. All statutory references are to RSMo 2000, unless otherwise indicated.

amount of child support due to circumstances beyond his control and that his inability to pay was neither willful nor contemptuous. However, the hearing concerned only Mother's Motion to Dismiss. The parties stipulated that Father had pleaded guilty to two misdemeanor counts of criminal nonsupport for his failure to pay the ordered amount of child support during an eight-month period: June 1, 2008, to February 28, 2009. Mother argued that Father's guilty plea showed that Father had the ability to pay the ordered child support amount. The record reveals, however, that Father's guilty plea concerned only eight months of the twenty-two months between the time the Order of Support was entered and the hearing on Mother's Motion to Dismiss. Furthermore, Father was precluded from presenting any evidence in support of his Motion to Modify, including whether he had good cause for not paying and did not have the ability to pay the ordered amount of child support for all twenty-two months between the time the Order of Support was entered and the hearing on Mother's Motion to Dismiss. According to the guilty plea form in the criminal nonsupport proceeding, Father had acknowledged that he did not pay his child support obligation from June 1, 2008, to February 28, 2009, but he did not acknowledge that he was without good cause for not paying the total support that had been ordered. We find it a leap in logic to believe that because Father pleaded guilty to criminal nonsupport for a particular timeframe in the past means ·that he has no opportunity to petition the court for a modification of his future support obligation. Consequently, the trial court abused its discretion in granting Mother's Motion to Dismiss and in finding Father's guilty plea in the nonsupport case estopped Father from arguing he had good cause not to pay and an inability to pay the ordered amount of child support without conducting a hearing on that issue. Point granted.

### Conclusion

We reverse the Judgment of the trial court and remand the case for a hearing on Father's Motion to Modify.

GARY M. GAERTNER, JR., Presiding Judge and PATRICIA L. COHEN, Judge, concur.