available to testify, the following responses by defendant to plaintiffs' interrogatories were read to the jury:

Question: What was your destination at the time of the accident and where had you been just prior to the accident?

Answer: My destination was DeSoto, Missouri. Just prior to the accident we had been at a friend's house. His name is Rick 'Bowden'.

Question: Describe the point of contact between the vehicles.

Answer: Plaintiffs' vehicle hit me with his left side and left front.

At the close of plaintiffs' case, defendant moved for a directed verdict claiming, inter alia, that plaintiffs failed to prove that defendant was operating the motor vehicle at the time of the accident. The trial court sustained defendant's motion. Plaintiffs argue the trial court erred in directing a verdict against them because they adduced sufficient evidence at trial to submit a case to the jury.

A directed verdict in favor of defendant is proper only if reasonable minds could not differ as to the proper verdict when the evidence is viewed in a light most favorable to plaintiff. *Allison v. Barnes Hosp.*, 873 S.W.2d 288, 293 (Mo.App.1994). Further, we must disregard all contrary evidence and inferences and determine whether, on the evidence so viewed, the plaintiff made a submissible case. *Heacox v. Robbins Educational Tours, Inc.*, 829 S.W.2d 600, 601 (Mo.App.1992). Whether there is sufficient evidence to submit an issue to the jury is a legal question and not an exercise of judicial discretion. *Koszor v. Ferguson Reorganized S.D. R-2*, 849 S.W.2d 205, 207 (Mo.App.1993). A case is not to be submitted unless each and every fact essential to liability is predicated upon legal and substantial evidence. *Id.*

To prevail in a negligence action, a plaintiff must establish the existence of a duty on the part of the defendant to protect the plaintiff from injury, defendant's failure to perform that duty and plaintiff's injury proximately caused thereby. *Poluski v. Richardson Transp.*, 877 S.W.2d 709, 713 (Mo.App.1994). The sole issue to be addressed in this case is whether plaintiffs adduced sufficient evidence at trial to submit to the jury the issue of whether defendant was the driver of his vehicle at the time of the accident. We believe they did.

We find defendant's use of the phrases "*my* destination" and "plaintiffs' vehicle hit *me*," and all favorable inferences associated with these statements could reasonably support the conclusion that defendant was driving the vehicle. Therefore, reasonable minds could differ as to the proper verdict. Plaintiffs made a submissible case and the trial court erred in directing a verdict for defendant. Defendant asks us to consider defendant's statement that "*we* had been at a friend's house" and Trooper Finn's testimony that defendant stated Mr. Goldberry was driving the vehicle. We must disregard this evidence as it favors defendant's case.

Viewed in the light most favorable to plaintiffs and disregarding defendant's evidence, the trial court erred in directing a verdict in favor of defendant. The judgment of the trial court is reversed and the cause is remanded for trial.

SIMON and KAROHL, JJ., concur.

S.L.J. Petitioner–Respondent,

v.

R.J. Respondent–Appellant.

Nos. 64752, 64999.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 13, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 25, 1995.

Application to Transfer Denied
March 21, 1995.

R.J., pro se.

William H. Jennings, II, Clayton, for respondent.

KAROHL, Judge.

Father, R.J., appeals after the trial court dismissed a motion to modify child custody provisions entered in a dissolution decree in 1987. We affirmed the dissolution. *S.L.J. v. R.J.*, 778 S.W.2d 239 (Mo.App.1989). We previously considered an appeal involving the motion to modify. *S.L.J. v. R.J.*, 821 S.W.2d 104 (Mo.App.1991). In the motion to modify appeal, we remanded after holding the trial court must appoint a guardian ad litem for the two children, Robert, now sixteen, and Daniel, now thirteen. After remand, the trial court ordered each party to deposit the sum of $1,000 to create a fund to pay guardian fees for a guardian ad litem. Mother made several $100 deposits. Father made no deposits. On September 7, 1993, the court entered an order which stated in part, "Upon the failure of the parties to pay into the Registry of the Circuit Court the full amount ordered to be posted for guardian ad litem fees, all motions filed by each party are dismissed." The next day, the court entered a nunc pro tunc order which directed the dismissal was without prejudice. We have jurisdiction. *Mahoney v. Doerhoff Surgical Services,* 807 S.W.2d 503, 506 (Mo. banc 1991).

The parties have been in continuous litigation since the original dissolution petition was filed. Even after the appeal was filed in the present case, the parties continued to litigate at length in the circuit court. The contest centers on custody of the children. The motions to modify began in 1988 and have been amended on various occasions. We incorporate into this opinion what was said in the earlier appeals.

Father contends there are seven errors which require a remand for further proceedings on the motion to modify. He claims the court erred in restricting testimony of the guardian ad litem; in failing to protect the interests of the children by refusing to hold a hearing on the children's wishes; in dismissing the motions as a sanction for not posting a sum to pay a guardian ad litem because Father is without assets; in ordering a deposit for payment of attorney's fees to the guardian ad litem without allowing a prior examination of the guardian of the necessity and reasonableness of the fees; in appointing the guardian ad litem, which was suspect because of a possible conflict of interest; in violating Rule 57.10 and in ordering the cost of the deposition of Father taxed against Father; and in entering orders subsequent to the dismissal of the motions.

Mother responds in kind, arguing the failure of Father to comply with the order to deposit the funds for the guardian ad litem justified dismissal; no hearings were required because the dismissal entered as a sanction was not an abuse of discretion; Mother's objection to a guardian ad litem on possible conflict of interest grounds was warranted; the cost of Father's deposition was necessitated by his own conduct and the court properly taxed the expense against Father; and orders entered after the notice of

appeal denying Father relief were justified by his failure to comply with prior court orders and, hence, were not an abuse of discretion. Mother also raises a claim of trial court error. We do not consider that claim because Mother did not file a cross-appeal.

The dispositive issue is whether the court abused its discretion in dismissing Father's motion to modify as a sanction for failure to comply with the order of court to deposit sums to pay a guardian ad litem. The requirement for appointment of the guardian was determined in the prior appeal and the subject of our mandate. At the time of the dismissal without prejudice, Rule 67.02 authorized a dismissal for failure "to comply with these Rules or any order of the court." The rule was repealed on June 1, 1993, effective January 1, 1994. The new rule, Rule 67.03 also authorizes an involuntary dismissal for failure to comply with "any order of the court." We review an involuntary dismissal as a sanction for abuse of discretion. *Jones v. Eagan*, 715 S.W.2d 596, 597 (Mo.App. 1986). We find no abuse of discretion after reviewing the extensive record in this case. In addition to the failure to comply with the order to deposit funds for payment of a guardian ad litem, Father has failed to comply with the provisions of previous orders and decrees. Finally, the allegations in the motion to modify involving the custody arrangements were made years ago. If the welfare of the children of these parties would be served by a modification of the previous child custody provisions, the relevant issues can be presented by a current motion.

We affirm.

AHRENS, P.J., and SIMON, J., concur.

Christopher PROSSER,
Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 65001.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 13, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 25, 1995.

Application to Transfer Denied
March 21, 1995.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

Before REINHARD, P.J., and GARY M. GAERTNER and CRAHAN, JJ.

*ORDER*

PER CURIAM.

Movant appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. We affirm. The findings and conclusions of the motion court are not clearly erroneous, and an extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order affirming the judgment pursuant to Rule 84.16(b).