Christine WAGNER,
Petitioner/Respondent,

v.

Robert Edwin WAGNER, Jr.,
Respondent/Appellant.

No. 71136.

Missouri Court of Appeals,
Eastern District,
Division One.

May 27, 1997.

See also 898 S.W.2d 649.

---

James C. Ochs, Schwartz & Ochs, St. Louis, for appellant.

Mary Ann Weems, Clayton, for respondent.

REINHARD, Judge.

Husband appeals from the trial court's order dismissing his motion to modify the dissolution decree. We reverse and remand.

The original decree was entered on September 1, 1993. Custody of the parties' minor child was awarded to wife, and husband was awarded visitation and temporary custody. The trial court ordered husband to pay $652 per month for child support after finding husband's income to be $6,000 per month and wife's income to be $1,000 per month. Wife was awarded maintenance in the amount of $300 per month, and the trial court ordered husband to pay wife's attorney's fees of $6,000.

On October 14, 1993, the original decree was set aside. Wife's earnings were shown as $1,300 per month, and therefore, the new decree reduced the amount of child support to $635.50 per month. The other terms of the decree remained the same. On appeal, this court affirmed the trial court's judgment in part and remanded for entry of a new judgment setting child support as $741.32 per month. *Wagner v. Wagner,* 898 S.W.2d 649 (Mo.App. E.D. 1995).

Wife subsequently filed a motion for contempt for failure of husband to pay child support, maintenance, and attorney's fees. On December 13, 1993, the trial court sustained the motion and ordered husband to pay the following within eighteen months: past due child support of $1,592; maintenance of $1,200; attorney's fees of $1,800; and $545.95 for a washer and dryer taken by husband. The trial court ordered that if husband failed to pay these amounts, he would be imprisoned, after a hearing, for six months.

On March 31, 1994, husband and wife again appeared before the trial court, and it entered the following order on wife's motion for contempt by consent: Husband "agrees that he is in arrears in" (1) child support of $958.50; (2) maintenance of $300; (3) doctor bills of $271; and (4) counseling fees of $368. The court noted in its order that husband "agrees to pay the sum of $100 per month beginning April 15, 1994" to purge himself of this debt.

On November 10, 1994, husband and wife returned to court for a hearing on wife's contempt motion. The court found husband was "in arrears and in violation of the decree of dissolution ... and that said failure to comply is wilful and contumacious." Husband was granted six months to comply with the order.

■ On March 20, 1996, husband filed a motion to modify the decree of dissolution. He alleged that continuing and substantial changed circumstances required a modification of the court's decree. Husband also complained that wife had failed to sign the deed to some property and asked the court to hold her in contempt. Husband alleged, in part: (1) he "has suffered a substantial diminution in income and he is destitute;" (2) he "has tax liens against him and owes the IRS a considerable sum of money;" (3) he is "no longer able to pay maintenance, and [wife] is possessed of enough money and funds that she can support herself;" (4) child support should be reduced due to the financial condition of the parties; (5) wife has

"failed and refused to allow [husband] to exercise his rights of temporary custody and visitation;" and (6) wife has "poisoned the minor child's mind against [husband]."

Husband asked the court to modify the decree as follows:

[D]ecrease the amount of child support to be paid by [husband] according to the child support guidelines, taking into account the income of each party ...; order [wife] to allow [husband] his rights of temporary custody and visitation of the minor child; order that no further maintenance be paid to [wife] by [husband]; order that the language regarding the payment of college tuition be modified to state that the "cost" of tuition be reduced by any scholarships, grants, or aid received by the minor child; order that [wife] pay for one-half of any and all medical expenses not covered by [husband's] health insurance ...

In response, wife filed a motion to dismiss husband's motion to modify the decree of dissolution. In her motion, wife alleged that "[b]y virtue of [husband's] repeated willful, contumacious refusal to abide by the terms of the Decree of Dissolution of Marriage and the numerous Court Orders which have followed, [husband] comes into this Court with unclean hands and his Motion to Modify the Decree of Dissolution of Marriage should, therefore, be dismissed...."

After the trial court heard argument from both parties, it held that "[wife's] Motion to Dismiss [husband's] Motion to Modify decree of dissolution of marriage is *sustained.* [Husband's] Motion to Modify is dismissed without prejudice. [Husband] may refile upon becoming in compliance with this court's prior orders."

On appeal, husband contends that the trial court's dismissal of his motion to modify "without hearing, and on the basis of noncompliance with prior court orders, constitutes an abuse of discretion." Husband further alleges that the court's order is "contrary to the law in that the order as

entered is in excess of the court's jurisdiction."

In *Richman v. Richman,* 350 S.W.2d 733 (Mo.1961), the defendant husband's pleadings were struck in a dissolution action because of his failure to pay the judgment for child support and attorney's fees, made in pendente lite orders. *Id.* at 733. The court later heard plaintiff wife's evidence and entered a decree of dissolution by default judgment against husband. *Id.* On appeal, the Missouri Supreme Court held that depriving husband of his right to defend was a denial of due process of law. *Id.* at 733–34. The court referred to the "established rule" of "requir[ing] the payment of an alimony award as a condition to the granting of affirmative relief" and stated that "the situation where payment is made a condition to the granting of affirmative relief and one where it is made a prerequisite to the right to defend are quite clearly distinguishable." *Id.* at 735. The former is "the withholding of a favor while the latter involves a fundamental constitutional right." *Id.*

In *O'Neal v. Beninate,* 601 S.W.2d 657, 658 (Mo.App. E.D.1980), this court cited *Richman,* recognized that compliance with a prior court order may be a prerequisite to obtaining affirmative relief, and extended this principle so that the "same rule would apply to child support." [1] This court has also recognized that in the context of a motion for modification in a dissolution case, Rule 67.03 authorizes an involuntary dismissal for failure of the plaintiff to comply with "any order of the court." *S.L.J. v. R.J.,* 892 S.W.2d 683, 685 (Mo.App. E.D.1994).

Our review of an involuntary dismissal is limited to the abuse of discretion standard. *Staples v. Staples,* 895 S.W.2d 265, 266 (Mo.App. E.D.1995). Judicial discretion is abused when the trial court's order is against the "logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* If reasonable persons can differ about

1. In *O'Neal,* the trial court found there was a change of circumstances, following a modification hearing, and modified the child support provisions of the original dissolution decree.

*O'Neal,* 601 S.W.2d at 658. Wife appealed from the trial court's order, and on appeal, this court affirmed the trial court's decision. *Id.* at 658–59.

the propriety of the action taken by the trial court, then it cannot be said the court abused its discretion. *Id.*

In *Staples, supra,* this court held that the trial court's dismissal of husband's motion to modify maintenance was not erroneous. Husband was in arrears on the maintenance he had been ordered to pay wife, yet he had the ability to comply with the court order. *Staples,* 895 S.W.2d at 266–67. When husband filed a motion to modify, alleging changed circumstances and attempting to terminate maintenance payments to wife, the trial court, following a hearing, sustained wife's motion to dismiss the motion to modify. *Id.* On appeal, husband argued that outstanding arrearages could not serve as the basis for dismissing his suit for modification. *Id.* This court stated:

The order with which Husband failed to comply is the very order he is seeking to modify. Although actions for dissolution and ancillary proceedings are statutory actions at law, they are nevertheless tried and disposed of upon equitable principles. *Brown v. Brown,* 537 S.W.2d 434, 438 (Mo. App.1976). Husband's evidence disclosed that he had gross income in excess of $200,000.00 in both 1990 and 1991 and had claimed charitable contributions well in excess of his $4,800.00 annual maintenance obligation each year, yet he made no maintenance payments during or after 1991 and only three in 1990. He had recently purchased a new car which required monthly payments of $454.00 per month. Thus, there was ample evidence that Husband's failure to comply with the decree was not the result of any inability to comply with the order. We perceive no inequity in requiring a party able to comply with a decree to demonstrate that he has abided by its terms pending action by the court on his request for modification. Parties should not be heard to simultaneously flout and invoke the authority of the court.

*Id.* at 267.

This court was recently confronted with a case similar to the one at hand. In *Markovitz v. Markovitz,* 945 S.W.2d 598 (Mo.App. E.D.1997), husband filed a motion to modify the child support and maintenance provisions

of a divorce decree, with which he had failed to comply. Husband sought the modification because, in part, he had allegedly lost his job and was working at a lower paying job. *Id.* at 2, 945 S.W.2d at ——. Wife filed a motion to dismiss, contending that husband had failed to pay over $3,316 in support and had not paid an award for attorney's fees. *Id.* The Commissioner, without an evidentiary hearing, sustained wife's motion to dismiss. *Id.*

On appeal, this court noted:

The record before us contains the affidavit of [husband] indicating a substantial decrease in his income. The record contains no evidence of when the alleged arrearages occurred and no evidence was before the court upon which the court could make a determination of the reason for any arrearages. It is not enough to grant a motion to dismiss a motion to modify on the basis that arrearages in maintenance, child support, or attorney's fees exist. There must be evidence that the party making the motion to modify had the ability to comply with the order. Such evidence was not before the court and its order granting the motion to dismiss was an abuse of discretion.

*Id.,* 945 S.W.2d at 600.

*Markovitz* clearly establishes that before dismissing a modification motion due to arrearages in maintenance, child support, or attorney's fees, a trial court must conduct a hearing to determine whether the movant had the ability, at the time of filing his or her motion, to comply with the prior court order.

In this case, husband failed to comply with prior court orders involving the dissolution decree that he is seeking to modify. There is no evidence in the record, however, that husband had the ability to comply with those court orders. The record contains few evidentiary facts. Neither party filed an affidavit, and husband's motion to modify and wife's motion to dismiss contain mere allegations. Because no hearing was held, we find that the trial court abused its discretion in dismissing his motion for modification.

Because husband's principal point is dispositive, we need not address his other argument.

Judgment reversed and remanded.

DOWD, P.J., and GARY M. GAERTNER, J., concur.