TURKEN PLUMBING COMPANY,
Plaintiff-Respondent,

v.

W. P. BUNDY, Individually and d/b/a W. P. Bundy Construction Co., a/k/a Bundy Construction Company, Defendant, Intervenor-Appellant,

and

Sidney Kleg, Intervenor, Appellant.

No. 33618.

St. Louis Court of Appeals,
Missouri.

Oct. 27, 1970.

Klamen & Weisman, Marvin Klamen, Clayton, Burton H. Shostak, St. Louis, for appellants.

Paul Taub, Overland, Jerry A. Klein, St. Louis, for plaintiff-respondent.

Michael M. Flavin, Ray Dreher, Clayton, for garnishee.

DOWD, Judge.

This is an appeal from the Circuit Court's dismissal of an appeal from an order of a Magistrate overruling a motion to intervene and a motion to quash two garnishments.

Plaintiff obtained two separate magistrate judgments against defendant, W. P. Bundy for plumbing work. One was a default judgment on October 19, 1967 for $652.29. The second one was on January 23, 1968 for $480.00 based on a jury verdict.

Based on these judgments, on June 14, 1968 an execution and garnishment was issued for $652.29 with Bicentennial Civic Improvement Corp., as garnishee (hereinafter garnishee) returnable September 12, 1968. On June 17, 1968 a similar execution and garnishment was issued to the same garnishee for $524.10 returnable September 17, 1968. This second execution and garnishment was based on the $480.00 judgment with interest and court costs added.

On July 23, 1968 an unverified motion to dismiss and quash the garnishments "by intervention" was filed by Sidney Kleg and W. P. Bundy, appellants (hereinafter intervenors). The motion alleged that the funds in the possession of the garnishee were partnership funds and not subject to garnishment for the debt or judgment against one partner.

On September 12, 1968, plaintiff filed a motion to strike and to dismiss the intervenors' motion to dismiss and quash the garnishments on the following grounds: (1) that the intervenors' motion was not verified and no recognizance was filed and approved by a magistrate; (2) that intervenors' motion is not an interplea supported by affidavit; and, (3) that intervenors' motion did not raise jurisdictional defects.

On September 13, 1968, the constable filed returns showing payments from the garnishee for $694.58 and $524.10.

On October 24, 1968 the intervenors filed a verified motion to interplead and to quash and dismiss the garnishments on the same grounds alleged in the earlier, unverified motion. The transcript then shows the following magistrate minute entry of October 24, 1968: "All motions argued and taken under submission. Cont'd to 10/31 for ruling." On October 30, 1968, Magistrate Jules M. O'Neil overruled intervenors' motion to quash and dismiss the garnishments filed on July 23, 1968 because it did not comply with Civil Rule 76.60, V.A. M.R. The Magistrate on the same date also overruled the verified motion to interplead and to quash and dismiss the garnishments filed October 24, 1968 for the stated reason: " * * * as this question is now moot, the garnishee having voluntarily paid said funds over to the garnishor."

On appeal in the Circuit Court, plaintiff again filed its motion to strike and a motion to dismiss intervenors' motion to dismiss and quash the garnishments and to dismiss intervenors' appeal. The trial court granted this relief and dismissed intervenors' appeal. This appeal resulted.

Appellants assert one "point relied on" on this appeal. They contend that the court erred in dismissing defendant-inter-

venors' appeal for the reason that said parties have a right to a hearing upon the subject of whether the funds paid by the garnishee pursuant to garnishment and execution were partnership funds and, therefore, not subject to such attachment to satisfy the debts of an individual partner.

The only authorities cited by appellants are Sections 358.250 and 525.450, RSMo 1969, V.A.M.S., and Kleg v. O'Neil, Mo. App., 449 S.W.2d 887. An examination of these two statutes and the Kleg case clearly shows that these authorities are of no aid to appellants.

The pertinent part of Section 358.250 is sub-section 2(3) which states:

"(3) A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. * * * "

The other statutes cited (525.450, RSMo 1969, V.A.M.S.) provides that any person claiming money attached may file an interplea in writing supported by affidavit and that a trial shall be had on the interplea.

The Kleg case, recently decided by this court, involved the same parties, same garnishments and the same motions to interplead and dismiss and quash the garnishments. That case involved a rule on the magistrate wherein the intervenors here asked the Circuit Court to command the magistrate to sustain their motion to dismiss and quash the garnishments. The trial court in Kleg dismissed relators' petition for a rule. We then affirmed the trial court and agreed with the trial court that the issue was moot inasmuch as the trial court had already ruled on their motion. The holding in Kleg is of no assistance to appellants.

It is difficult to determine here whether the intervenors' motions are an attempt to comply with the interpleader statute (525.-450) or the method of proceeding to set aside or quash an execution (Civil Rule 76.60). Under the interpleader statute, the interplea must be supported by affidavit. Under Civil Rule 76.60 a petition to quash an execution must be verified by oath or affirmation. Therefore, intervenors' motion to dismiss and quash the garnishments filed July 23, 1968 which was not supported by affidavit or verified by oath or affirmation was not in compliance with either the intervenor statute or the rule governing the proceedings to set aside or quash an execution. This motion of July 23, 1968 was merely signed by appellants' attorney.

Then, on October 24, 1968, the intervenors filed a verified motion to interplead and to quash and dismiss the garnishments. By that time the return day on both garnishments had been long past. The return day on one garnishment was September 12 and on the second garnishment, the return date was September 17. The constable's returns showed payments on September 13, 1968 from the garnishee for $694.58 and $524.10.

Section 525.410, RSMo 1969, V.A.M.S. provides that the garnishee may discharge himself at any time before final judgment against him by paying over the funds to the constable. This is what occurred here. The record shows that the garnishee paid over the funds garnisheed to the constable on September 13, 1968 and the garnishee was then discharged. Also from the wording of the Magistrate's ruling it is apparent that these funds had already been paid over to the garnishor before the filing of the verified motion on October 24, 1968. The garnishee having been discharged and the funds having been paid over to the garnishor the Magistrate had nothing before him to quash.

While it is true that there is a right to a hearing on an intervenor action or on a motion to quash an execution, both of these actions must comply with either the pertinent statute or the civil rule. Here intervenors' motion of July 23, 1968 was not in compliance with the requirement that the motion be supported by affidavit

or verified by oath or affirmation while the garnishments were pending before the Magistrate. The intervenors' motion of October 24, 1968 was filed after the garnishments had been terminated.

The Magistrate properly ruled here and the Circuit Court properly dismissed intervenors' appeal.

For the reasons stated the judgment is affirmed.

WOLFE, P. J., and BRADY, J., concur.