Laurence AHLGREN et al., Plaintiffs-Appellants,

v.

COLVIN–WEBER REALTY & INVESTMENT CO., INC., et al., Defendants-Respondents,

House Springs Khoury League, Garnishee.
No. 35190.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 19, 1974.

denying what appellants denominated an "Intervention;" a petition whereby they sought to intervene in a garnishment proceeding. We affirm.

On appeal they present one point: that the trial court erred in dismissing their motion to intervene. They contend that they were proper parties to intervene under Rule 90.08, V.A.M.R.[1]; and if not, then the trial court should have construed their pleading as a motion to quash, Rule 76.60, and permitted them to remain in the garnishment proceeding.

Appellants were not proper parties to interplead in the garnishment proceedings pursuant to Rule 90.08 because they are judgment debtors and the words "any person" in the Rule refers to third party claimants, not judgment debtors. Martin v. Signal Dodge, Inc., 444 S.W.2d 29, 31 (Mo.App.1969). We hold that the trial court did not err in refusing appellant's request to intervene.

Appellants would, however, have us hold that although their pleading was denominated "Intervention" the trial court erred in not considering the allegations contained therein as stating a motion to quash pursuant to Rule 76.60. They contend that the nature of a motion is not determined by the title given to it but rather by the grounds stated therein and the relief sought thereby. That since the relief sought was to quash the garnishment because of certain deficiencies in the request for issuance of the execution, the General Execution issued pursuant thereto, and the Summons to the garnishee, the motion should have been considered as a motion to quash.

At the hearing on the motion on January 19, 1973, Laurence Ahlgren, one of the appellants, appeared with his counsel, Mr. Richeson. Mr. Cytron appeared as counsel for the judgment creditor and Mr. Sheehan for the garnishee, House Springs Khoury

John A. Schneider, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for plaintiffs-appellants.

Benson Cytron, House Springs, for defendants-respondents.

KELLY, Judge.

Appellants, the judgment debtors, take this appeal from an order of the trial court

---

1. All references to Rules herein are to Vernon's Annotated Missouri Rules, V.A.M.R.

League. The hearing was conducted in the chambers of the court. When the court inquired if Mr. Richeson wished to proceed first, he replied: "Your Honor, I think I have no evidence to offer with respect to the pleading styled 'Intervention'." The court then inquired: "And you rest upon the pleading?" Mr. Richeson responded: "The pleading and the record in this case." Mr. Cytron then proceeded to present his position, that appellants were not proper parties to interplead or intervene because they were judgment debtors. After Mr. Cytron concluded his argument the court asked Mr. Richeson if he had some rebuttal and he replied "No." The trial court thereupon denied the intervention.

■■ It is on appeal, for the first time, that the appellants contend that the pleading styled "Intervention" should also have been considerd as a motion to quash pursuant to Rule 76.60. Counsel for the appellants, in effect, sat mute while counsel for the respondent argued the motion as filed pursuant to Rule 90.08; and, although afforded the opportunity to point out to the trial court that the motion was also intended to be a motion to quash under Rule 76.60 when the trial court inquired if he had some rebuttal, failed to point out that he wanted the motion considered in light of Rule 76.60. We hold that counsel's failure to present the motion in this light to the trial judge precludes him from asserting on appeal that the motion should have been considered as filed under Rule 76.60. Reviewing courts are merely courts of review for trial court errors, and there can be no review of a legal proposition which has not been presented to or expressly decided by the trial court. Robbins v. Robbins, 328 S.W.2d 552, 555 [4] (Mo.1959). Nor may a party try his motion on one theory in the trial court and then, for the first time, on appeal espouse a different theory to convict the trial judge of error. Randall v. St. Albans Farms, Inc., 345 S. W.2d 220, 224 [8] (Mo.1961), and cases cited 2A Mo.Digest, Appeal & Error, ■■■

It is apparent from the record that the motion presented to the trial court was one under Rule 90.08 to interplead and, as we have already held, the trial court correctly ruled that motion. In fact, that is the only motion the trial court ruled. If, as appellants now contend, they wanted it considered as a motion to quash pursuant to Rule 76.60 they should have so advised the court so that he could have ruled on the motion in that light. Having failed to do so, they cannot now complain.

For the foregoing reasons the ruling of the trial court is affirmed.

DOWD, C. J., and SIMEONE, J., concur.