**Helen K. COLLA, Respondent,**

v.

**Dr. John C. COLLA, Appellant.**

**No. 42301.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 3, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 13, 1981.

Application to Transfer Denied
May 11, 1981.

Love, Lacks, McMahon & Schwarz, Thomas K. Edelmann, Daniel P. Card, II, Clayton, for appellant.

Conway B. Briscoe, Jr., St. Louis, for respondent.

CRIST, Presiding Judge.

Garnishment proceeding initiated by judgment creditor wife to reach assets of judgment debtor husband in possession of garnishee. The circuit court denied husband's motion to quash the garnishment and his motion for new trial. We reverse. The case arose under the following set of facts:

Wife filed a petition for divorce in the State of Minnesota on September 1, 1970,

and on November 17, 1970, obtained an order from the Minnesota court finding her in need of $600.00 per month for support of the couple's three children. On March 30, 1971, the Circuit Court of St. Louis entered an order which found that husband owed a duty of support as noted above.

On June 1, 1978, wife asked for execution and garnishment of husband's assets in the Lutheran Medical Center of St. Louis in satisfaction of the amount due on the March 30, 1971, judgment. The garnishee answered on August 16, 1978, wherein it admitted that it was possessed of sufficient amount of husband's assets to satisfy wife's claim, to-wit: $20,406.00.

On August 18, 1978, husband's lawyer filed an *unverified*, motion to quash the garnishment on the expressed grounds that: (1) Husband had provided income in satisfaction of the judgment in the form of income producing property purchased by husband for wife pursuant to a 1971 agreement; and (2) The amount alleged due, $20,406.00, was incorrect. The file does not indicate that this motion was served upon wife or her attorney, but wife's attorney concedes he received a copy by mail.

On August 23, 1978, the garnishee was ordered to pay $20,406.00 into the court registry (less $75.00 for answering).

On September 14, 1978, husband's attorney mailed a notice to wife's attorney of a hearing on the motion to quash set for November 27, 1978, which was received by both wife's attorney and the circuit clerk on September 15, 1978. However, the circuit clerk failed to formally file the notice until November 15, 1978.

Wife's attorney filed an application for garnishment payout in the circuit court on September 27, 1978, and service of same was provided by mail upon husband in accordance with circuit court Rule 21.25(3). Husband's attorney, however, was not notified of the filing of this application and on October 12, 1978, the court ordered the sum of $20,331.00 to be paid to wife and her attorney. No notice of this order of payout was ever given to husband or his attorney.

Husband's attorney took no further action with regard to getting the noticed setting of November 27, 1978 on the circuit court docket, and the case was ultimately set for January 16, 1979. Husband's attorney first became aware of the application for, and payout of, the $20,331.00 on this later date when he examined the court file.

On March 5, 1979, husband's attorney filed an amended and *verified* motion to quash execution and garnishment; request for order to set aside the payout order; order to pay money back into the register; for contempt of wife and her attorney and other relief. The circuit court overruled the amended motion on August 3, 1979, and a later motion for new trial.

■ Husband's attorney raises two points on appeal but the real issue is whether the failure of husband's attorney to file a *verified* motion to quash garnishment (Rule 76.-60 requires verification) excused or relieved wife's attorney of the legal obligation to notify husband's attorney of the payout application and order. There is no question but that husband's attorney would have been legally entitled to notice of the application and payout order under Rule 43.01(b) had he filed a *verified* motion to quash. Likewise, there is little question but that wife's attorney was under an ethical duty to notify husband's attorney pursuant to Rule 4, DR 7–104.

Rule 43.01(b) requires notice to a party's "attorney of record" and will supersede the requirement of circuit court Rule 21.25(e) that the notice be to the judgment debtor, when that party is so represented. *Korn v. Ray*, 434 S.W.2d 798, 805–6 (Mo.App.1968). However, wife's attorney argues that there existed no "attorney of record" for husband because there was no entry of appearance by way of a responsive pleading. This argument is predicated upon the proposition that the motion to quash garnishment was a nullity in that it lacked the requisite verification. Rule 76.60; *Martin v. Signal Dodge, Inc.*, 444 S.W.2d 29 (Mo.App.1969); *Ahlgren v. Colvin-Weber Realty & Investment Co., Inc.*, 507 S.W.2d 686 (Mo.App. 1974). Also, see *Turken Plumbing Co. v. Bundy*, 459 S.W.2d 529 (Mo.App.1970).

This court agrees that Rule 76.60 is applicable to judgment debtors who seek to quash a garnishment by motion (*Martin, supra; Ahlgren, supra*) and that before the motion may be considered to raise any legal issues it must be supported by verification. *Turken, supra.* However, research has disclosed no cases which hold that the mere failure of an attorney to file a *responsive* pleading (i. e. a pleading free of technical errors and defects) on behalf of a party has resulted in that attorney's failure to enter an appearance for the purpose of becoming an "attorney of record." This court does not subscribe to the point of view that the failure of a judgment debtor to verify his motion may be used as an instrument to avoid due process and thereby obviate the requirement of both Rule 43.01 and Rule 4, DR 7–104. Admittedly, case law in Missouri is not legion with authority on when an attorney for a party becomes an "attorney of record." See *Dezino v. William S. Drozda Co.,* 13 S.W.2d 659, 661 (Mo.App.1929). Accordingly, we must turn for assistance to language adopted in other jurisdictions: "An 'attorney of record' means an attorney who has filed an appearance or pleading in the cause and is therefore presumed to have authority to bind his client ... Words and Phrases, Attorney of Record; *Reynolds v. Reynolds,* 21 Cal.2d 580, 134 P.2d 251; *Allen v. Allen,* Cal.App., 175 P.2d 919." *Maner v. Maner,* 279 Ala. 652, 189 So.2d 336, 342 (Ala.1966).

Consideration of that for which the verification is required (i. e., proof of the truth of its averments; see 38 C.J.S. Garnishment § 272c); and, a desire to curtail what might become sharp practice among attorneys (Rule 4, DR 7–104), obliges us to reverse and remand.

Judgment reversed and remanded with directions [to wife and her attorney] to return and pay back into the registry of the court said sum of $20,331.00.

REINHARD and SNYDER, JJ., concur.