M. H. SIEGFRIED REAL ESTATE, INC., and Billy Joe Holt, et ux., Plaintiffs-Respondents,

v.

James RENFROW, et ux., Defendants-Appellants.

No. WD 32400.

Missouri Court of Appeals, Western District.

April 27, 1982.

Donald E. Raymond, Kansas City, Robert H. Markey, Blue Springs, for defendants-appellants.

Cedric Siegfried, Steven M. Gray, Cedric Siegfried & Associates, Independence, for plaintiffs-respondents.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

This appeal involves a dispute as to the proper judgment to be entered following the mandate and opinion of this court in *M. H. Siegfried Real Estate, Inc. v. Renfrow*, 592 S.W.2d 488 (Mo.App.1979). On remand the trial court allowed Billy Holt and Donna Holt to file an amended petition seeking damages against Renfrow for obstructing the private roadway. On hearing evidence of damages, the court entered judgment in favor of the Siegfried Company for $5,316.57 actual damages and $1,000 in punitive damages. The court entered judgment in favor of the Holts for $8,600 in actual damages and $1,000 in punitive damages. The court also entered an injunction enjoining Renfrow from obstructing the roadway so as to interfere with ingress and egress from Lots 15 and 16, Locust Lawn Subdivision.

On this appeal Renfrow contends there was no substantial evidence to support the award of damages to Siegfried; that the award of damages to Holt was beyond the mandate of this court in the prior appeal; and the injunction should not have mentioned ingress and egress to Lots 15 and 16. Affirmed in part and reversed in part.

■ In the prior appeal in this case this court held at 592 S.W.2d 494[7] that the correct measure of damages is the reduction of the rental value of the property during the maintenance of an obstruction on the roadway. The evidence in that case and in this case is that Siegfried owned Lots 15 and 16, Locust Lawn Subdivision, with Lot 16 being adjacent to the 25-foot road. The evidence is that a building was located entirely on Lot 15, but that both lots were used as one entity. The property was rented prior to the time Siegfried sold it to Holt as a single tract. It is clear that in the prior opinion this court treated both lots as

a single tract, and it is plain from the opinion that the property on which the diminution of rental value would be considered on remand was Lots 15 and 16 considered as a whole. Siegfried presented evidence as to the diminution in rental value of these two lots without objection, and for the first time on appeal Renfrow urges that the diminution in rental value should have been confined to Lot 16, the vacant lot. The answer to this contention is twofold. First, Renfrow may not raise this argument for the first time on appeal, *Ahlgren v. Colvin-Weber Realty & Invest. Co., Inc.*, 507 S.W.2d 686, 688[3, 4] (Mo.App.1974), and, second, the opinion of this court leaves no doubt that the court was to assess damages for the diminution in rental value of both lots considered as a whole.

■ Renfrow further contends that the judgment for damages assessed in favor of Siegfried is not supported by substantial evidence. Cedric Siegfried, the chairman of the board and president of M. H. Siegfried Real Estate, Inc., testified that the diminution in rental value of the two lots because of the obstruction in the roadway was $2,200 per year. For the two years and five months during which the obstruction continued while Siegfried owned these two lots results in damages of $5,316.57, as found by the trial court. Adding $1,000 for punitive damages produces the judgment of $6,316.57 entered by the court in favor of Siegfried. There was no other evidence concerning diminution in value. The testimony of Siegfried constituted substantial evidence to support the amount of damages.

■ Renfrow contends the court erred in entering judgment in favor of the Holts. In the opinion on the prior appeal, this court stated at 592 S.W.2d 494[7]:

"The plaintiffs Holt have not joined in the prayer for damages, but have joined only in the prayer for injunctive relief. Plaintiff Siegfried's entitlement to damages will end with its transfer of the property to the Holts."

The law is clear on the power of the trial court to act on a case after an opinion and mandate from an appellate court. In *State*

*ex rel. Strum v. Allison*, 384 S.W.2d 544, 548[8] (Mo. banc 1964) the court held:

> "Where the supreme court remands a cause with specific directions, the trial court is required to render judgment accordingly and has no power to modify, alter, or amend, or in any manner to depart from the opinion and mandate of the supreme court, and proceedings in trial court contrary thereto are void."

It is clear that on remand the trial court had no power to enter a judgment in favor of the Holts. This court specifically held that Holt had not joined in the prayer for damages and the only damages to be assessed were those in favor of Siegfried up to the time of its transfer of the property to Holt. The judgment in favor of Holt is reversed.

Renfrow finally contends the court exceeded its power under the mandate when it enjoined any obstruction of the 25-foot roadway strip when used as a means of ingress and egress between Truman Road and Lots 15 and 16. Renfrow contends the injunction should run only to obstructing ingress and egress to Lot 16 since that is the lot adjoining the 25-foot strip. The judgment enjoining any obstruction of the 25-foot strip, when used as ingress and egress to Lots 15 and 16, goes beyond the opinion of this court because the opinion did not restrict the obstruction to interfering with ingress and egress to any lot. At 592 S.W.2d 494[7] this court stated:

> "the cause is remanded for the entry of a new judgment by which the defendants will be enjoined forthwith to remove the obstructions described in evidence and enjoined from further obstruction of the 25-foot strip."

Thus, the judgment should be an injunction against Renfrow for maintaining any obstruction to the 25-foot strip without reference to ingress or egress for any particular lot.

The judgment in favor of the Holts is reversed. The judgment in favor of Siegfried for damages is affirmed. That portion of the judgment mentioning ingress and egress between Lots 15 and 16 and Truman Road is deleted. The judgment will enjoin the Renfrows from any obstruction of the 25-foot strip as directed in the previous opinion of this court.

The costs are divided equally between the parties.

All concur.