**SOUTHWESTERN BELL YELLOW PAGES, INC., Plaintiff/Respondent,**

v.

**Michael WALSH, Defendant,**

and

**Kent Young, d/b/a Dimension One Spas Of St. Louis d/b/a Gym–N–I–Playground Equipment d/b/a Dimension One Spas d/b/a Dimension One Spas & Pools d/b/a Finlandia Saunas, Defendant/Appellant.**

No. 70148.

Missouri Court of Appeals, Eastern District, Division Two.

June 24, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1997.

Application to Transfer Denied Sept. 30, 1997.

William James O'Herin, Florissant, for defendant/appellant.

Luther J. Rollins, Jr., Linda S. Legg, Southwestern Bell Yellow Pages, Inc. St. Louis, for plaintiff/respondent.

CRANE, Presiding Judge.

Defendant appeals from a trial court order sustaining his motion to dismiss and dismissing the cause without prejudice. He argues that, because the motion to dismiss was sustained after trial began and evidence was adduced, his motion should have been treated as a motion for directed verdict and judgment should have been entered against plaintiff. We dismiss the appeal for lack of jurisdiction.

Plaintiff, Southwestern Bell Yellow Pages, Inc., filed a twenty-five count petition against defendants Kent G. Young and Michael Walsh for breach of contract, quantum meruit and suit on account. The petition alleged that plaintiff provided yellow pages advertising to defendants from 1989 through 1991 totaling $33,764.00, and that the defendants failed to pay for $19,055.24 of the advertising.

The case was set for trial on January 29, 1996. Before the jury was selected, the court heard pretrial motions, including defendant Walsh's motion to dismiss.[1] Defendant Walsh argued that the case should be dismissed because the documents attached to the pleadings indicated that Southwestern Bell Yellow Pages, Inc., was acting as an agent for Southwestern Bell Media, Inc., which was not a party. Plaintiff responded

that it was the survivor corporation of a merger between Southwestern Bell Yellow Pages, Inc. of Delaware and Southwestern Bell Media, Inc. The court denied the motion, called the case for trial, and impaneled the jury.

Following opening statement, in a hearing outside the presence of the jury, plaintiff asked the court to take judicial notice of certain exhibits relating to the merger of Southwestern Bell Yellow Pages, Inc. and Southwestern Bell Media, Inc. Plaintiff argued the exhibits supported its contention, made in opposition to the motion to dismiss, that plaintiff, as survivor of the merger, was the correct party plaintiff. Defendants challenged two of the documents and plaintiff's allegation of corporate status. The documents (which are not in the record) also apparently indicated that Southwestern Bell Yellow Pages, Inc., which was the plaintiff, was incorporated after the contracts were entered into. Walsh's attorney told the court that he was entitled to "either judgment on the pleadings or directed verdict at this very moment." Plaintiff argued that the problem with the pleadings could be corrected by an amendment. The court advised that it was too late to amend but that it was "not going to direct a verdict" at that point in the trial. The court announced it was reserving ruling on whether the pleadings were sufficient to allow plaintiff to proceed so the legal issues could be further studied and told plaintiff to proceed with trial "subject to" its ruling on this issue. Plaintiff began direct examination of its first witness, a customer service specialist, who testified about defendants' account balances for yellow pages advertising.

The next day, before the jury was brought back in, the court stated: "We're taking up the motion of Michael Walsh and Kent Young to dismiss...." Defendants argued that the documents brought in by plaintiff showed that plaintiff did not exist at the time the contracts were entered into. Counsel concluded:

And therefore, Your Honor, they have the wrong parties here. They have failed in their pleadings, because their pleadings specify that they are the ones. And yet, they didn't exist by their own admission.

1. No written motions were filed with the legal file.

And, Your Honor, for that reason I believe this case should be dismissed.

After plaintiff made an offer of proof with respect to other evidence it could supply on this issue, the court granted the motion to dismiss on all counts. Defendant Walsh's attorney stated, "We'll write a memo." The memorandum provides: "Upon motion by Defendants, cause dismissed without prejudice at Plaintiff's costs." It is signed by the court, the attorneys for defendants and the attorney for plaintiff. Defendants made no objection to the memorandum and did not file any post trial motions.

Defendant Young appeals. He challenges the dismissal "without prejudice" which he contends should have been a directed verdict. Plaintiff has moved to dismiss the appeal on the ground that an order granting a motion to dismiss without prejudice is not a final judgment subject to appeal.

■ A party may appeal only from a final judgment. § 512.020 RSMo 1994; Rule 74.01. A dismissal without prejudice is not a final judgment from which an appeal may be taken. *Morris v. Alternatives, Inc.*, 892 S.W.2d 399, 399 (Mo.App.1995).

■ Defendant argues that because the order came after the jury was sworn and evidence adduced, the order was actually one for a directed verdict which could not be entered "without prejudice." We cannot construct a motion for directed verdict out of a motion to dismiss when the trial record does not show the trial court clearly understood and treated a defendant's motion to dismiss as a motion for a directed verdict. *Estate of Gross v. Gross*, 840 S.W.2d 253, 256 (Mo.App. 1992). Nothing in this record indicates the trial court understood or treated the motion to dismiss as a motion for directed verdict. On the day it ruled, the trial court said it was taking up the motion "to dismiss" and referred to the motion only as a "motion to dismiss." It said that it was "granting the motion to dismiss." The written order "dismissed" the cause. The trial court had ruled the previous day that it would not grant a directed verdict. No further mention of a directed verdict was made before the court dismissed the case.

■ Further, defendant waived by acquiescence any contention that his motion should have been treated as a motion for directed verdict. On the day the court ruled, defense counsel asked that the case be dismissed. When the court granted the defendants' motion to dismiss, both defendants' attorneys signed the memorandum dismissing the cause "without prejudice" without any objection or discussion. Having failed to advise the court that he wanted the motion to dismiss which was then under consideration to be treated as a motion for directed verdict or that the order should direct a verdict, defendant Young may not now complain that the dismissal without prejudice should have been a directed verdict. *See Ahlgren v. Colvin–Weber Realty & Investment Co., Inc.*, 507 S.W.2d 686, 688 (Mo.App.1974).

Defendant Young has no right of appeal from a dismissal without prejudice. Appeal dismissed.

GERALD M. SMITH, and PUDLOWSKI, JJ., concur.