**Gregory B. HARLOW, Appellant,**

v.

**Susan K. HARLOW, Respondent.**

**No. ED 92135.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 17, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 2010.

Application for Transfer Denied March 2, 2010.

Jeffery T. McPherson, St. Louis, MO, Justin C. Cordonnier, Clayton, MO, for appellant.

Robert S. Adler, Clayton, MO, Benicia Ann Baker–Livorsi, St. Charles, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Gregory Harlow (Father) appeals from the trial court's judgment dismissing his

---

motion to modify the child custody provisions of his decree of dissolution of his marriage to Susan Harlow (Mother). Mother asserts that the trial court's dismissal, designated as without prejudice, is not final and therefore not appealable. Appeal dismissed.

### Background

Father and Mother divorced in 2004. The parties' decree of dissolution awarded Mother full legal and physical custody of the parties' two minor children and ordered Father to pay Mother $4,000 in maintenance per month for sixty months, pay $1,500 per month in child support, and provide health insurance for the two children.

On August 20, 2007, Father filed a motion to modify the child custody provisions in the decree. At that time, Father had accumulated significant arrearages in both his maintenance and child support obligations. Upon Wife's motion, the trial court dismissed Father's motion to modify without prejudice on January 16, 2008.[1]

On January 25, 2008, after submitting a payment of $9,500 for past due child support, Father filed a second motion to modify child custody. Mother moved to dismiss citing Rule 67.03, which provides that a defendant may move for an involuntary dismissal of the civil action for the plaintiff's failure to comply with "any order of the court." In her motion, Mother alleged that Father had failed to comply with the trial court's orders and was in arrears in the sum of $140,000 in maintenance and $9,800 in child support. After a hearing, the trial court dismissed Father's motion without prejudice finding that Father failed "to make even a token good faith effort at fulfilling his court ordered obli-

gations ...." and he therefore "cannot expect sympathy from the courts on [his] claims for affirmative relief." Father appeals.

### Discussion

 At the outset, we address Mother's claim that the judgment was not final. "A party may appeal only from a final judgment." *Southwestern Bell Yellow Pages, Inc. v. Walsh,* 950 S.W.2d 528, 530 (Mo.App. E.D.1997); Mo.Rev.Stat. § 512.020 (2000). "The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *Chromalloy Am. Corp. v. Elyria Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997). In most instances, a dismissal without prejudice is not a final judgment because it is not an adjudication on the merits, and the plaintiff typically can cure the dismissal by filing another suit in the same court. *Vernor v. Mo. Bd. of Prob. and Parole,* 934 S.W.2d 13, 14 (Mo.App. W.D.1996). Here, the trial court's dismissal did not reach the merits of Father's motion to modify and nothing in the trial court's dismissal prevents Father from re-filing his motion.

Father claims that the trial court's judgment is appealable because it falls within an exception to the general rule that provides that a party may appeal a dismissal without prejudice when "the dismissal has the practical effect of terminating the litigation in the form cast...." *Chromalloy,* 955 S.W.2d at 3. Father argues that the "trial court's second dismissal, on the same grounds [as its previous dismissal], after [Father] took steps to rectify the child support arrearage, has the practical effect of terminating the action in the form

---

1. Neither Wife's motion to dismiss nor the trial court's January 16, 2008 order was in- cluded in the record on appeal.

cast." We disagree. Nothing in the trial court's dismissal precludes Father from filing a new motion in the same "form" and seeking a judgment on the merits. Accordingly, the trial court's dismissal without prejudice is not a final and appealable judgment.

Appeal dismissed.

SHERRI B. SULLIVAN, P.J., and ROBERT G. DOWD, JR., J., Concur.