

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

SHERIF AL-HAWAREY,              )       No. ED101384
                                   )
          Respondent,        )
                                   )       Appeal from the Circuit Court of
                                   )       St. Louis County
v.                                )
                                   )       Honorable Joseph L. Walsh
CINDY AL-HAWAREY        )
A/K/A CINDY ORTEGA,       )
                                   )
          Appellant.         )       Filed:  January 27, 2015

The mother, Cindy Ortega Al-Hawarey, appeals the judgment entered by the Circuit Court of St. Louis County dismissing her motions to modify child-custody and child-support and for temporary restraining order after the dissolution of marriage to the father, Sherif Al-Hawarey, and the parties' later modification.  Because the judgment is not a final appealable judgment, we dismiss the mother's appeal.[1]

The parties divorced in 2007 in Illinois, and the Illinois court modified the child-custody and support provisions of the dissolution decree in 2011.  After registering the Illinois dissolution decree in Missouri, the mother filed a motion to modify the child-custody and support provisions along with a motion for temporary restraining order to prevent the father from relocating the children outside Missouri and from removing them from the United States.  The mother requested appointment of a guardian ad litem.

---

[1] We deny all pending motions.

One year later, upon the motion of the guardian ad litem, the trial court dismissed the mother's motions because of the mother's "failure to pay [guardian ad litem] fees ordered by the Court, and other orders referred to in [m]otions to [d]ismiss previously filed." The mother had failed to comply with multiple court orders over the course of several months in the present action. These included the trial court's orders to pay the $750 fee deposit to the guardian ad litem, to undergo a child-custody evaluation with the childrens' therapist, to attend parenting class, and to cooperate with the guardian ad litem and to comply with his recommendations. The judgment did not specify whether the dismissal was with or without prejudice. The mother appeals.

Supreme Court Rule 67.03 allows the involuntary dismissal of a civil action based on the plaintiff's failure to comply with any court order. Rule 67.03 further provides that "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." The judgment here did not specify whether the dismissal was with or without prejudice. Thus, the trial court dismissed the mother's motions without prejudice.

In every appeal, this Court must determine whether we have jurisdiction. *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994); *Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 549 (Mo. App. E.D. 2006). The general rule is that a dismissal without prejudice is not a final judgment, and thus, is not appealable. *Harlow v. Harlow*, 302 S.W.3d 154, 155 (Mo. App. E.D. 2009). A dismissal without prejudice generally does not constitute a final judgment because it does not constitute an adjudication on the merits. *Id.* A plaintiff typically is free to cure the dismissal by filing another suit in the same court. *Id.* Here, the trial court's dismissal did not reach the

2

merits of the mother's motions to modify and for temporary restraining order, and nothing in the dismissal prevents the mother from re-filing her motions. We alerted the parties to this issue prior to oral argument, and allowed the parties to submit supplemental briefing on the question of our jurisdiction. Both parties acknowledged at oral argument that the mother is free to re-file her motions.

The mother points to the case of *Markovitz v. Markovitz*, 945 S.W.2d 598 (Mo. App. E.D. 1997). In *Markovitz*, this Court held that only after a hearing could the trial court dismiss the father's motion to modify based on his failure to comply with prior court orders concerning maintenance, child-support, and attorney fees. 945 S.W.2d at 599-600. The Court stated that "[w]hether a party is flouting the authority of the court or is unable to comply with the order of the court is to be determined after hearing, not on the basis of unproven allegations of a motion to dismiss." *Id*. at 600.

In her supplemental briefing, the mother contends that, as in *Markovitz*, where an appellant argues that the record was insufficient to support a finding of noncompliance warranting dismissal and that the trial court thus abused its discretion in ordering dismissal, the appellate court may review such dismissal without prejudice. We disagree. We cannot read the *Markovitz* opinion in such a fashion as to say that it holds *sub silentio*, or implicitly, that we have jurisdiction to adjudicate an appeal of a trial court's dismissal without prejudice.[2]

First, the *Markovitz* opinion does not clarify whether the dismissal was rendered expressly with prejudice or expressly without prejudice or whether it was silent, in which event dismissal occurred without prejudice pursuant to Rule 67.03. Furthermore, the

---

[2] "*Sub silentio*" is defined as "without notice being taken or without making a particular point of the matter in question." *State v. Honeycutt*, 421 S.W.3d 410, 422 (Mo. banc 2013)(quoting *Webster's Third New International Dictionary* 2279 (1976)).

*Markovitz* Court did not consider the finality of the trial court's judgment and the corresponding question of appellate jurisdiction. The principle of *stare decisis*—the adherence to decided cases—promotes stability in the law by encouraging courts to follow precedent. *State v. Honeycutt*, 421 S.W.3d 410, 422 (Mo. banc 2013). The doctrine "'applies only to decisions on points arising and decided in causes' and does not extend to mere implications from issues actually decided." *Id.* (quoting *Broadwater v. Wabash R. Co.*, 110 S.W.1084, 1086 (Mo. 1908)).

Our Supreme Court has professed a presumption against *sub silentio* holdings, based not only on the general preference that courts adhere to precedent and overrule earlier decisions expressly, but also because the implicit nature of a *sub silentio* holding has no *stare decisis* effect and does not bind future decisions of the Court. *Id.* Thus, *stare decisis* does not apply to implicit holdings of jurisdiction. If it did, it would mean that any appellate court that exercised jurisdiction erroneously without explicitly adjudicating the question of jurisdiction would thereafter bind future appellate courts, a result that could cause appellate courts to have ever-expanding jurisdiction without even having considered the question of jurisdiction. An application of *stare decisis* in this fashion would permit a court to decide any case before it without having jurisdiction, a result incompatible with promoting stability in the law. Consequently, we cannot interpret *Markovitz* to implicitly hold that an appellate Court has jurisdiction to adjudicate an appeal of a trial court's dismissal without prejudice when nothing in the dismissal prevents the appellant from re-filing her action.

Rather, we follow the explicit precedent of *Harlow v. Harlow*. In that case, this Court expressly dismissed the father's appeal for lack of a final appealable judgment.

4

302 S.W.3d at 155. We concluded that the trial court's dismissal without prejudice did not reach the merits of the father's motion to modify child-custody provisions of a divorce decree, and nothing in the dismissal prevented the father from re-filing his motion in the same form. *Id.* at 155-56. Here, as in *Harlow*, nothing in the trial court's dismissal precludes the mother from filing a new motion to modify and motion for temporary restraining order and seeking judgment on the merits. Therefore, we hold that the trial court's dismissal is not a final appealable judgment.

We only conclude that we lack jurisdiction because of the absence of a final appealable judgment. We do not conclude that a trial court may order the sanction of dismissal for a party's failure to comply with court orders without an evidentiary basis. The aggrieved party in such a case could seek relief via extraordinary writ rather than by direct appeal of a judgment that is not a final appealable judgment.

We dismiss the mother's appeal.

_____
LAWRENCE E. MOONEY, PRESIDING JUDGE

CLIFFORD H. AHRENS, J., and
LISA VAN AMBURG, J., concur.