

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| TARSHA MARIE HAIDUL, | ) | No. ED101940 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 7SL-DR00564-01 |
| | ) | |
| | ) | |
| | ) | Honorable Ellen Levy Siwak, |
| | ) | |
| JOHN THOMAS HAIDUL II, | ) | |
| | ) | |
| Appellant. | ) | FILED:  May 12, 2014 |

## OPINION

John Thomas Haidul II (Father) appeals from the trial court's judgment dismissing his *pro se* Motion for Family Access and Motion to Modify Parenting Plan.  As the trial court's dismissal was designated as without prejudice, it is not final and therefore not appealable. Appeal dismissed.

### Factual and Procedural History

On February 25, 2008, Father and Tarsha Marie Haidul (Mother) were divorced.  The parties' decree of dissolution awarded Mother primary physical and legal custody of the parties' two minor children.  The trial court also ordered no child support or maintenance to be paid by either party.

On May 23, 2012, Father filed a *pro se* Motion for Family Access and Motion to Modify

Parenting Plan. On August 30, 2012, the trial court granted Father leave to proceed as a poor person pursuant to the Prison Litigation Reform Act. On April 18, 2014, the trial court dismissed Father's motions without prejudice. On May 9, 2014, Father refiled his motions, and on June 11, 2014, the trial court again dismissed the motions without prejudice. The trial court explained that the dismissal was not based on the merits but because Father was incarcerated and would not be able to appear in court to argue his motions. Section 491.230.2, RSMo 2000. The trial court further explained that Father "will NOT be substantially prejudiced by his failure to attend a trial on the merits in the civil proceeding." This appeal follows.[1]

## Standard of Review

In every appeal, this Court must determine whether we have jurisdiction. Comm. for Educ. Equal. v. State, 878 S.W.2d 446, 450 (Mo. banc 1994); Columbia Mut. Ins. Co. v. Epstein, 200 S.W.3d 547, 549 (Mo. App. E.D. 2006). The general rule is that a dismissal without prejudice is not a final judgment, and thus, is not appealable. Harlow v. Harlow, 302 S.W.3d 154, 155 (Mo.App.E.D.2009). A dismissal without prejudice generally does not constitute a final judgment because it does not constitute an adjudication on the merits. Id. A plaintiff typically is free to cure the dismissal by filing another suit in the same court. Id.

## Discussion

Following the precedent in Harlow, we dismiss Father's appeal for lack of a final appealable judgment. Harlow, 302 S.W.3d at 155. In Harlow, this Court concluded that the trial court's dismissal without prejudice did not reach the merits of the father's motion to modify child-custody provisions of a divorce decree, and nothing in the dismissal prevented the father from re-filing his motion in the same form. Id. at 155-56. Here, as in Harlow, nothing in the trial court's dismissal precludes Father from re-filing his motions. The trial court's dismissal did

---

[1] Mother never filed a response to Father's brief with this court.

not reach the merits of Father's motions and nothing in the trial court's dismissal prevents Father from re-filing them. We hold that the trial court's dismissal without prejudice is not a final and appealable judgment.

Conclusion

Appeal dismissed.

_____
Mary K. Hoff, Judge

Sherri B. Sullivan, Presiding Judge and Philip M. Hess, Judge, concur.