

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| JENNIFER KINARD, | ) | |
| | ) | |
| Appellant, | ) | WD86831 |
| v. | ) | |
| | ) | OPINION FILED: |
| | ) | January 14, 2025 |
| ALEXA SUMMIT, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Clay County, Missouri**
**The Honorable David P. Chamberlain, Judge**

**Before Division Four:** Anthony Rex Gabbert, Chief Judge, Presiding,
Karen King Mitchell, Judge and Jerri J. Zhang, Special Judge

Jennifer Kinard appeals from a judgment of the Circuit Court of Clay County,

Probate Division, disqualifying Kinard's private counsel and dismissing Kinard's petition

for removal of the Clay County Public Administrator (Public Administrator) as her

guardian.  Kinard raises five points on appeal.  For her first two points, she argues the

probate court erred in disqualifying private counsel on the basis that (1) Kinard was

incapable of hiring counsel (Point I) and (2) another basis for disqualification was

established (Point II).  In Point III, Kinard asserts the probate court erred in dismissing

her petition as "unauthorized." For her final two points, Kinard contends the probate court erred in requiring her court-appointed attorney to determine whether it was in Kinard's best interest to file additional motions because doing so would (1) infringe upon court-appointed counsel's right to decide strategy, thereby prejudicing Kinard (Point IV) and (2) require court-appointed counsel to breach his ethical duties (Point V). Finding the probate court erred in disqualifying private counsel and dismissing Kinard's petition, we reverse and remand.

## Background

Kinard has bipolar disorder, post-traumatic stress disorder, borderline personality disorder, and a mild intellectual disability. On February 24, 2015, when Kinard was 25 years old, the probate court accepted the resignation of her adoptive parents as her co-guardians and appointed Public Administrator as successor guardian, a role Public Administrator continues to fill.

On March 17, 2022, private counsel, who is an attorney with Missouri Protection & Advocacy Services, entered her appearance on behalf of Kinard. On November 14, 2022, private counsel filed, on Kinard's behalf, a petition for removal of Public Administrator as Kinard's guardian pursuant to § 475.082.5.[1] The petition alleged that Public Administrator had failed to discharge her statutory duties and to act in Kinard's best interest.[2] Public Administrator denied the allegations. The petition also sought

---

[1] All statutory references are to the Revised Statutes of Missouri, Supp. 2022.
[2] "Section 475.082.5 allows any 'interested person' to file a motion alleging that a guardian or conservator is not discharging his or her statutory responsibilities and duties or has not acted in the best interests of his or her ward or protectee." *Boydston v.*

2

appointment of Kinard's biological maternal grandmother (Grandmother) as successor guardian pursuant to § 475.115.1.[3]

On April 12, 2023, Public Administrator filed a motion to disqualify private counsel on the basis that she was neither hired by Kinard nor appointed by the probate court to represent Kinard. That same day, Public Administrator filed a motion to quash discovery that private counsel had served on Public Administrator. On May 10, 2023, the probate court appointed different counsel to represent Kinard in connection with Public Administrator's two motions. Then, on October 9, 2023, Public Administrator filed a first amended motion to disqualify private counsel, alleging that she was likely a necessary witness because she intended to introduce evidence of conversations she had with Kinard, an allegation that private counsel denied.

Following a hearing on November 2, 2023, the probate court issued a judgment disqualifying private counsel and dismissing Kinard's petition for removal of Public Administrator as her guardian. In disqualifying private counsel, the probate court found, "Kinard was previously declared totally incapacitated and totally disabled, [thus] she is incapable of *hiring* private counsel" (emphasis added), relying on this court's opinion in *Schieber v. Schieber*, 298 S.W.3d 130 (Mo. App. W.D. 2009). The court also found that the petition for removal of guardian filed by private counsel was "unauthorized" and

---

*Boydston*, WD86231, 2024 WL 4205678, *4 (Mo. App. W.D. Sept. 17, 2024) (quoting *Estate of Schneider*, 570 S.W.3d 647, 654 (Mo. App. W.D. 2019)). Kinard is an "interested person" within the meaning of § 475.082.5. *Id.* (finding "interested person" includes the ward or protectee).

[3] Grandmother died during the course of this appeal.

dismissed the petition without prejudice. Finally, the court decreed that court-appointed counsel,

> has been appointed for . . . Kinard and that pursuant to Local Rule 72.2, [court-appointed] counsel shall take all steps necessary in order to make a good faith determination on whether it is in . . . Kinard's best interest to proceed with filing any formal Motions. If court-appointed counsel determines that it is not in . . . Kinard's best interest or that[,] pursuant to Rule 4-3.1, counsel cannot proceed, then counsel shall notify the Court and may file a request for attorney fees with a proposed order.

This appeal follows.

## Standard of Review

"A court-tried probate case is reviewed under the standard of *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976)." *Schieber*, 298 S.W.3d at 132 (quoting *In re Estate of Schooler,* 204 S.W.3d 338, 342 (Mo. App. W.D. 2006)). "Therefore, the appellate court will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law." *Id.* at 132-33 (citing *Murphy,* 536 S.W.2d at 32).

However, "[t]he disqualification of an attorney is a matter that lies within the sound discretion of the trial court. . . . We review the trial court's ruling for an abuse of that discretion." *Raster v. Ameristar Casinos, Inc.*, 280 S.W.3d 120, 133 (Mo. App. E.D. 2009) (finding trial court abused its discretion in disqualifying plaintiffs' counsel because the conclusion that counsel was a class member was premature and movant failed to allege counsel was a necessary witness). As the moving party, Public Administrator bore the burden of establishing a basis for disqualification. *Id.*; *see also State ex rel.*

*Thompson v. Dueker*, 346 S.W.3d 390, 396 (Mo. App. E.D. 2011) ("The party seeking disqualification of an attorney has the burden of persuasion and proof.").

**Analysis**

Kinard raises five points on appeal. For her first two points, she argues the probate court erred in disqualifying private counsel on the basis that (1) Kinard was incapable of hiring counsel (Point I) and (2) another basis for disqualification was established (Point II). In Point III, Kinard asserts the probate court erred in dismissing her petition as "unauthorized." For her final two points, Kinard contends the probate court erred in requiring her court-appointed attorney to determine whether it was in Kinard's best interest to file additional motions because doing so would (1) infringe upon court-appointed counsel's right to decide strategy, thereby prejudicing Kinard (Point IV) and (2) require court-appointed counsel to breach his ethical duties (Point V). We begin with Points I and II, which we discuss together.

I. **The probate court erred in disqualifying private counsel on the basis that Kinard was incapable of hiring counsel because there was no evidence that Kinard hired counsel and the court did not articulate another basis for disqualification (Points I and II).**

Public Administrator initially filed a motion to disqualify private counsel on the basis that she was neither hired by Kinard nor appointed by the probate court to represented Kinard. Public Administrator later filed an amended motion to disqualify private counsel because she was likely to be a necessary witness. The probate court disqualified private counsel because Kinard "was previously declared totally

5

incapacitated and totally disabled, [thus] she is incapable of *hiring* private counsel."[4] (Emphasis added). In so ruling, the court found *Schieber* controlling on the issue of disqualification of counsel. We agree that *Schieber* is controlling, but we disagree with the probate court's conclusion that *Schieber* dictates disqualification in the present case.

At issue in *Schieber* was whether the trial court abused its discretion in granting appointed counsel's motion to disqualify private counsel hired to represent Mrs. Schieber, who had previously been declared totally incapacitated and totally disabled. *Schieber*, 298 S.W.3d at 131. In his motion, appointed counsel argued that private counsel had a conflict of interest[5] and that the prior adjudication declaring Mrs. Schieber totally incapacitated and disabled established that she lacked the capacity to retain private counsel. *Id.* at 132. On appeal, this court held that the trial court did not abuse its discretion in granting the motion to disqualify private counsel "[b]ased on the facts presented to the trial court, including the prior adjudication of Mrs. Schieber's total

---

[4] We note that the probate court disqualified private counsel on a basis not articulated in Public Administrator's initial or amended motion to disqualify. Public Administrator moved to disqualify private counsel on the basis that (1) Kinard *did not hire* private counsel and the court did not appoint her; and (2) private counsel was likely to be a necessary witness. But the court disqualified private counsel on the ground that Kinard *could not hire* private counsel because Kinard had previously been declared totally incapacitated and disabled, suggesting that Kinard had improperly hired counsel. The court did not cite any authority permitting it to disqualify counsel on an alternative basis, and we have not found such authority. However, we need not resolve this issue because whether the probate court exceeded its authority in addressing Kinard's ability to hire counsel or erred in finding that she did hire counsel, the result is the same.

[5] The alleged conflict of interest arose from the fact that private counsel had previously represented Mrs. Schieber's sister in her effort to remove Mrs. Schieber's son as her guardian and conservator. *Schieber v. Schieber*, 298 S.W.3d 130, 131 (Mo. App. W.D. 2009).

incapacitation and [private counsel's] representation of [Mrs. Schieber's sister]." *Id.* at 135.

Two of the three judges in *Schieber* wrote separately to emphasize that disqualification in that case was based on the conflict of interest and the incapacity to contract, not simply on the basis of a previous adjudication of incapacity. "[N]otwithstanding Mrs. Schieber's previous adjudication as totally incapacitated and totally disabled, she still can seek, select, and be represented by otherwise qualified private counsel." *Id.* (Ellis, J., and Pfeiffer, J., concurring). "The confusion arises as to whether a totally incapacitated and disabled person can *hire* an attorney, that is, commit to pay the attorney for his or her services." *Id.* at 136 (Ellis, J., and Pfeiffer, J., concurring). "[A] totally incapacitated or disabled person lacks capacity to enter into a binding contract to expend his or her funds to pay for legal services." *Id.* (Ellis, J., and Pfeiffer, J., concurring). But that "does not preclude the ward or protectee from requesting representation by private counsel, nor does it prevent an attorney from undertaking such representation." *Id.* (Ellis, J., and Pfeiffer, J., concurring). Attorneys may provide their services *pro bono* or be paid by a family member or friend of the client. *Id.* (Ellis, J., and Pfeiffer, J., concurring).

Based on *Schieber*, the probate court held that Kinard was incapable of hiring private counsel because Kinard was previously declared totally incapacitated and disabled. But there is no evidence that Kinard *hired* private counsel. Thus, *Schieber's* holding regarding the *hiring* of counsel is inapplicable here. *See Raster*, 280 S.W.3d at 133 (finding trial court abused its discretion in disqualifying counsel on two separate

grounds not supported by the record);[6] *Dueker*, 346 S.W.3d at 397 (reversing disqualification under Rule 4-1.9 because that rule was not applicable to the facts). Thus, the probate court abused its discretion in disqualifying Kinard's private counsel on a basis not supported by the record that Kinard could not hire private counsel when the record indicated Kinard did not, in fact, hire private counsel.

Point I is granted.

For her second point, Kinard argues the probate court erred in disqualifying private counsel because Public Administrator failed to establish any other basis for disqualification. A court may disqualify counsel if counsel has a conflict of interest, is subject to outside influence, or is a necessary witness in the case. *See State ex rel. Owen v. Rea*, 929 S.W.2d 244, 246 (Mo. App. S.D. 1996) (finding court may exercise its discretion to disqualify private counsel if record shows that counsel "is not free of outside influence and indeed may be attempting to serve masters with conflicting interests"); *Aston as Trs. for KALA Trust v. DBK Tr., LLC*, 679 S.W.3d 584, 589 (Mo. App. E.D. 2023) (holding court did not abuse its discretion in disqualifying attorney who was likely to be a necessary witness and disqualification did not work substantial hardship on client).

---

[6] The trial court in *Raster* had disqualified counsel because counsel was (1) allegedly a "class member" in the underlying suit but, at the time of disqualification, plaintiffs had not sought class certification and (2) a "necessary witness," but defendants had not established that counsel was a necessary witness. *Raster v. Ameristar Casinos, Inc.*, 280 S.W.3d 120, 133 (Mo. App. E.D. 2009).

The probate court, in its discretion, could have disqualified private counsel for one or more of these reasons, if applicable. And, if the probate court had disqualified private counsel on any of these grounds, the question for us would be whether the court abused its discretion in doing so. But the court's judgment is clear that the sole basis for disqualification was Kinard's *inability to hire* counsel. Nothing in the judgment suggests that the court considered, or based disqualification on, any other ground.[7]

Point II is granted.[8]

## II. The probate court erred in dismissing Kinard's petition on the basis that private counsel was not authorized to file the petition (Point III).

The probate court dismissed Kinard's petition as "unauthorized." The probate court did not explain what it intended when it deemed Kinard's petition "unauthorized" but, based on our review of the record, it appears the court dismissed the petition because it was filed by private counsel whom the court determined should be disqualified.[9] The dismissal was without prejudice.

---

[7] Of particular note, nothing in the judgment indicates the court considered the basis for disqualification articulated in Public Administrator's amended motion to disqualify private counsel that she was likely a necessary witness in the case. On remand, the probate court can consider whether evidence supports the finding of a recognized bases for disqualification including that counsel is a necessary witness, has a conflict of interest, or is subject to outside influences.

[8] In view of our disposition of Points I and II, we need not reach Points IV and V, wherein Kinard claims the probate court erred in requiring her court-appointed attorney to determine whether it was in Kinard's best interest to file additional motions. Court-appointed counsel was appointed for the limited purpose of representing Kinard in connection with Public Administrator's motions to disqualify and to quash discovery. Upon remand, we anticipate that Kinard's private counsel will be reinstated and the court can assess whether court-appointed counsel is necessary going forward.

[9] While the trial court accurately pointed out that the petition itself did not comply with § 475.050.4 because it sought to appoint Grandmother as successor fiduciary

9

"The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *Rauch v. Corizon Med.*, 607 S.W.3d 750, 753 n.2 (Mo. App. W.D. 2020) (quoting *Eckel v. Eckel*, 540 S.W.3d 476, 482 n.16 (Mo. App. W.D. 2018)). "A dismissal without prejudice generally does not constitute a final judgment because it does not constitute an adjudication on the merits." *Al-Hawarey v. Al-Hawarey*, 460 S.W.3d 40, 42 (Mo. App. E.D. 2015). "A plaintiff typically is free to cure the dismissal by filing another suit in the same court." *Id.*; *see also* Missouri Supreme Court Rule 67.01 (2024) ("A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is otherwise barred.")

"An exception to th[e] general rule applies, however, where the dismissal has the practical effect of terminating the litigation in the form cast by the plaintiff." *Rauch*, 607 S.W.3d at 753 n.2 (quoting *Eckel*, 540 S.W.3d at 482 n.16). This exception applies here because the dismissal of Kinard's petition based on the erroneous disqualification of private counsel terminated Kinard's litigation. Here, the dismissal and the disqualification are closely linked because the reason for the dismissal was the court's conclusion that private counsel was disqualified and, therefore, lacked authority to file the petition in the first place. On this record, we cannot separate the dismissal from the disqualification. And, having concluded, under *Schieber*, that the court erred in disqualifying private counsel, we likewise conclude the court erred in dismissing Kinard's petition on the basis that private counsel lacked authority to file it.

---

without her consent or the required background screenings, that does not appear to be the basis for the finding that the petition was "unauthorized."

10

Point III is granted.

## Conclusion

Because the probate court abused its discretion in disqualifying private counsel and erred in dismissing Kinard's petition on the basis of that disqualification, we reverse and remand for further proceedings consistent with this opinion.

_____
Karen King Mitchell, Judge

Anthony Rex Gabbert, Chief Judge, Presiding, Jerri J. Zhang, Special Judge, concur.